C. I. CAREY and C. FRANK HARRISON, Practicing Law Under the Name and Style of CAREY & HARRISON, v. TOWN OF GULFPORT and B. T. SAULS:

191 So. 45
Division B
Opinion Filed September 15, 1939

*Carey & Harrison,* for Appellants;
*Fisher & Sauls,* for Appellees.

Per Curiam.—In ·November, 1937, Carey & Harrison, as the regularly employed counsel of the Town of Gulfport, filed a bill of complaint to foreclose certain tax liens and public improvement certificates against real estate within the corporate limits of the town. The cause proceeded with dispatch until February, 1938, when a new set of officers were elected and installed, and they immediately advised Carey & Harrison to proceed no further with said litigation.

In May, 1938, B. T. Sauls, an attorney of St. Petersburg, Florida, filed a petition in the circuit court in which it was alleged that he had been employed as general counsel for the Town of Gulfport and prayed that he be substituted as counsel in said litigation in place of Carey & Harrison. No tender of payment for services was made to Carey & Harrison so they filed an answer to the petition setting up this fact and contended that their services should not be terminated until this was done. They further alleged that under their contract, the sum of $450 was due them, that no reason was given for their discharge, that they recognized the right of a client to terminate an attorney's employment but that they were able and willing to carry out their contract expeditiously and that it should not be terminated until they were. paid in full.

On the petition and answer without testimony, the chancellor entered an order of substitution in which it was provided that the amount of compensation due Carey & Harrison should be found by the court on final hearing and that an order should be made securing it with a lien upon the proceeds arising from the sale of the property de-

scribed in the bill of foreclosure. A petition for rehearing was denied and this appeal was prosecuted.

The question brought up for decision may be stated as follows: Did the chancellor commit error in allowing the substitution of counsel on condition that the fee of Carey & Harrison be secured as stated but found and paid at the conclusion of the litigation or should he have decreed its payment as a condition to substitution?

It is admitted to be the general rule that a client may terminate the relation of attorney and client between himself and his attorney at pleasure and that he may or he may not assign reasons therefor. Goodkind v. Wolkowsky, 132 Fla. 63, 180 So. 539 Kellogg v. Winchell, 273 Fed. 745, 5 Amer. Juris., Section 34. Some of the cases hold that any compensation due the attorney discharged should be paid at once while others hold that the discharge and substitution may be conditioned on subsequent payment of fees provided they are properly secured. The condition of the contract of employment and other circumstances surrounding the substitution would seem to control this.

In the case at bar, no reason whatever was assigned for the discharge of Carey & Harrison and the substitution of Sauls. Carey & Harrison are admitted to be able and honest counsel and to have handled the litigation in question ably and expeditiously and without any complaint whatever. It is not challenged that they have a legal and binding contract with the town for a fixed consideration, a definite portion of which is due and unpaid. The substitution is shown to be one of those arbitrary ones that frequently occur as a result of political upturns in municipal elections.

We think that when substitutions occur under such circumstances, the court should determine the amount due retiring counsel and order it paid as a condition precedent

to the substitution. The contract is completely terminated for no fault of counsel; his work is finished and another has succeeded him. It is common knowledge that the incoming administration has more obligations and demands than it can take care of and is not particularly interested in being annoyed by attorneys' fees that have matured. The security for the fee in this case is of speculative value and counsel to whom it is due would be much handicapped in attempting to collect it since he is out of the picture. His labors have been completed; it is a part of his bread and butter and no reason whatever is given why it should not be paid.

It follows that the judgment below is affirmed in so far as it permits substitution, but with directions to the Court below to ascertain the amount due counsel under his contract and require same to be paid as a condition precedent to substitution. In such respects, the judgment is reversed. Costs will be imposed on appellee, Town of Gulfport.

Affirmed in part; reversed in part.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur.

TERRELL, C. J., concurs in opinion and judgment.

Justices BUFORD and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21 A of the Rules of this Court.