97 So.2d 623 (1957)
Louise Z. OSIUS, Petitioner,
v.
Lawrence V. HASTINGS, Respondent.
No. 57-103.
District Court of Appeal of Florida. Third District.
October 17, 1957.
Rehearing Denied November 15, 1957.
*624 Eli Breger, Miami Beach, and Harvey J. St. Jean, Miami, for petitioner.
Hector, Faircloth & Rutledge, Miami, for respondent.
HORTON, Judge.
This is a petition for certiorari to review a judgment rendered in favor of the respondent who was the petitioner's attorney in the court below. The judgment was rendered collateral to the main case in which the petitioner, as plaintiff, was suing for personal injuries sustained in an automobile accident.
The petitioner employed the respondent as her attorney to prosecute her claim for personal injuries and agreed to pay him a contingency fee of 40% of any amounts recovered. The cause went to trial on January 18, 1957 and resulted in a mistrial. Some time after the mistrial, the respondent received on behalf of the petitioner an offer of settlement on her claim in the sum of $5,000. The petitioner rejected the offer. On February 14, 1957, the respondent was notified by letter from the petitioner that his services as her attorney were no longer desired. No reasons were assigned by the petitioner for discharging the respondent. The respondent filed a petition on May 13, 1957, in the same cause of action for attorney's fees and authorization to withdraw as petitioner's counsel. After notice and hearing upon said petition, the lower court entered judgment for the respondent in the sum of $2,000 and authorized the respondent to withhold the books, records, files and exhibits of the petitioner in his possession until the judgment was satisfied.
Two questions have been urged by the petitioner as grounds for granting the writ and quashing the judgment of the lower court. Without detailing the questions, we feel it sufficient for disposition of this cause to state the question thusly: Whether under the circumstances the lower court departed from the essential requirements of the law in entering judgment for the respondent attorney, based upon a contingency fee contract where the contingency upon which the contract was based had not occurred. We feel the *625 question should be answered in the affirmative.
It is admitted the respondent was employed under an express contingency fee contract by the petitioner to prosecute her claim for personal injuries. No question has been raised as to the validity of the contract. At the time of the filing of the petition for attorney's fees and the rendition of the judgment, no recovery had been effected by the respondent for his client, the petitioner. In entering the judgment, the lower court obviously treated a rejected offer of settlement in the sum of $5,000 as a basis for awarding judgment to the respondent under his contingency fee contract. In this, we think the court was in error, first, because the respondent, though entitled to recover under his contract, could only do so upon the happening of the contingency upon which it was based, and secondly, the client had a right to accept or reject such offers as were made to settle her claim. The respondent could not proceed to claim the benefits under his contract express in nature and on the other hand recover on a quantum meruit basis which would ignore the contract. 3 Fla.Juris., Attorneys at Law, Sec. 57, has this to say with regard to express contracts:
"Where an attorney is employed under a valid express contract which stipulates the compensation he is to receive for his services, the contract is, generally speaking, conclusive as to the amount of his compensation, and this is true whether the contract specifies a definite amount, or provides that the attorney is to receive a certain proportion of the recovery in the suit for which he is employed. The court cannot interpose to increase or decrease the compensation agreed upon."
There is no showing or charge that the attorney in this instance did not discharge the duties imposed upon him properly or that he has acted in bad faith in any respect toward his client, and consequently his claim should be respected and enforced. On the other hand, the petitioner, as client, could discharge her attorney at any time, with or without just cause. See Goodkind v. Wolkowsky, 132 Fla. 63, 180 So. 538; Diem v. Diem, 136 Fla. 824, 187 So. 569; Carey v. Town of Gulfport, 140 Fla. 40, 191 So. 45; Harvey v. Rowe, 141 Fla. 287, 192 So. 878. In this instance, the lower court had within its power the ability to properly protect the claim of the respondent attorney and to enforce the same at the proper time. This was not the proper time. The contingency upon which the contract was based had not occurred and for the court to award attorney's fees on a rejected offer would in effect be writing a new contract for the parties. The judgment of the lower court permitting the respondent to withhold the papers, exhibits, records and files of the petitioner was error. Not only did it prevent the possible happening of the contingency upon which the parties contracted, but it tended to promote delay and hinder the court as well as the litigants in the prosecution of the cause.
The respondent has strongly urged, both in his brief and by way of argument, the applicability of the rule in Carey v. Town of Gulfport, supra, to the facts in this case. In this we cannot agree. In that case, Carey and Harrison had a contract for a fixed consideration, a definite portion of which was due and unpaid, to-wit: $450, at the time that the Town of Gulfport sought to terminate the contract of employment. As a condition to a discharge and substitution of counsel, the court ordered the payment of the compensation which had been found to be due and unpaid at the time of the termination of the contract. As can be seen, that case differs from the case at bar on the fundamental premise that the contracts were different. In the Carey case, the contract was for a fixed consideration, whereas in the case at bar, it was contingent upon a recovery.
*626 Although not squarely in point, the case of Winn v. City of Cocoa, Fla. 1954, 75 So.2d 909, is illuminating to the extent of the procedure employed in protecting the attorney's compensation due him by a client who sought and obtained his discharge. The Winn case involved a condemnation proceedings by a municipality of certain lands owned by Carrie B. Winn and T.D. Winn, Jr. The Winns employed Robert Godbey as their attorney to represent them in the condemnation proceedings. After the case had been in progress and approximately two years after his employment, attorney Godbey was informed by his clients that he was dismissed as their attorney. This was immediately brought to the attention of the trial judge by the attorney and with a request for leave to withdraw from the case. The request was granted and at that time the trial judge made an order allowing to the attorney a lien for the reasonable value of his services and a lien upon the amount of the recovery should a recovery be had. It further appears that the case went to trial with the Winns acting as their own attorneys, and a verdict was returned by the jury for the value of the land taken by the City of Cocoa, but no award for attorney's fees was made and apparently none was asked for by the Winns. After the return of the verdict, the court then proceeded to adjudicate the amount of the discharged attorney's claim. The Supreme Court of Florida, in upholding proceedings in the lower court, said:
"The landowner had a perfect right to discharge the attorney but at the time of such discharge was obligated to the attorney for a reasonable fee for the services rendered up to the time of such discharge, and as the services rendered were in connection with the recovery, it was proper for the Circuit Judge to protect the attorney by impressing upon the fund a lien for the reasonable value of the services rendered. At the time of subsequent proceedings fixing the value of the attorney's fee, the fund was in the registry of the Court and subject to its lawful control and disposition." [75 So.2d 912.]
The petition for certiorari, therefore, is granted and the judgment of the lower court is quashed with directions to enter an order establishing a lien for the respondent upon any settlement, judgment or recovery of the petitioner to the extent of the respondent's contract rights and subjecting to the future effect of such order the respective parties to the litigation as well as their counsel. The respondent should be permitted to withdraw and substitution of new counsel made, with authorization for respondent to turn over to new counsel for petitioner such papers, exhibits, records and files in his possession as are necessary and required by the petitioner for the proper prosecution of her claim.
Certiorari granted with directions.
CARROLL, CHAS., C.J., and PEARSON, J., concur.