106 So.2d 590 (1958)
Pauline G. ROBERTSON, Appellant,
v.
Harold J. ROBERTSON et al., Appellees.
No. 240.
District Court of Appeal of Florida. Second District.
November 7, 1958.
*591 Rogers, Morris & Griffis, E.B. Griffis, Jr., Ft. Lauderdale, for appellant.
John W. Douglass, Ft. Lauderdale, J.B. Hodges, Lake City, for appellee, Joe E. Hodges.
JOHN D. JUSTICE, Associate Judge.
The appellant, who was plaintiff below in a separate maintenance suit against her husband, appellee, retained an attorney, one Joe E. Hodges, to represent her in such action. Suit was filed in January, 1956, seeking support money, a temporary restraining order and attorney fees. Necessary preparations for trial were carried on while negotiations of a settlement were continued, this lasting over a six month period. Due to appellee Robertson's nature and propensity for the excess use of alcohol, these negotiations were hectic, punctuated with frequent threats of violence toward all concerned. Reconciliation was effected, finally, which permitted a preservation of the family relation but which also afforded to the plaintiff all that she sought in the original suit  that is, security, and that by a transfer to her sole care, custody and control all the considerable assets of the family.
Originally the attorney was to look to Mr. Robertson for payment of his bill for services but when the assets were transferred the attorney looked to the appellant, his client. As of June 20, 1956, the attorney had received from the wife $2,500 to apply on the final bill. The wife contended, apparently, that the attorney should still collect his fee from her husband.
Thereupon, the attorney, Joe E. Hodges, petitioned the lower court for the award of a fee against his client, the wife, plaintiff below. Subsequent to this the wife, in keeping with her reconciliation with her husband, moved to dismiss the separate maintenance suit, which was dismissed by order which retained jurisdiction for determination of attorney's fees.
Upon hearing had the chancellor entered an order in which various findings were made, the material ones to this appeal being that the fee agreement between the attorney and his client anticipated the payment by Mr. Robertson, the husband; that through the attorney's efforts and representation all the family assets were made available to the wife free of any claim by her husband; that the attorney was entitled to a reasonable fee, determined to be in the sum of $9,000, plus certain costs and expenses and less the $2,500, previously paid; and that the attorney should have a lien against all of the property for such fee, *592 if not paid within 30 days. A final decree in accordance with the above was entered and provided for public sale by a Special Master to satisfy the mentioned lien. During the course of the taking of testimony the attorney testified that he had devoted a total of 431 hours in behalf of his client with a recitation of the accomplishments of his representation. The court heard three attorneys who testified in behalf of the attorney, Mr. Hodges, as expert witnesses and they testified as to a reasonable fee in the sums of $15,892, $16,373, and $21,975.
The wife, plaintiff below, appealed this final decree and presents three points, as follows:
"Point 1. In a suit for alimony unconnected with divorce, may the court, after reconciliation of the parties, retain jurisdiction for the purpose of awarding the wife's attorney a fee secured by a lien on real and personal property transferred from the husband to the wife during the pendency of the suit?
"Point 2. In a suit for alimony unconnected with divorce, where the suit was dismissed prior to answer filed, was the wife's attorney entitled to a fee in the amount of Nine thousand and no/100 ($9,000.00) Dollars?
"Point 3. May the chancellor order the sale of real and personal property formerly owned by husband and wife, but transferred to wife individually, pending a suit for alimony unconnected with divorce, to pay the wife's attorney's fee?"
The attorney cross-appealed and presents one point as follows:
"Mr. Hodges contends that the chancellor was required to grant a fee of at least $15,892. Since the wife did not rebut this testimony at the time of the hearing."
As to Point 1 raised by appellant wife, it would be manifestly inequitable and unjust for a client to retain the services of an attorney, receive those services and the fruits thereof to the extent that the wife had been placed in control of all of the assets to which it was originally anticipated the attorney would look for payment and upon finding that the representation had been so successful, refuse in a court of equity to pay the attorney a reasonable fee for his compensation. Under such circumstances the attorney may well look to the funds whether they be in the hands of the defendant husband or the plaintiff wife. It cannot be seriously contended that the court is without jurisdiction to entertain and award attorney fees in a proceeding of this nature.
As to point number 2 raised by appellant, the award of an attorney fee lies within the sound discretion of the chancellor and will not be disturbed except on a clear showing of abuse of discretion, and such has not been shown in the instant case.
On the question of the attorney's lien granted by the chancellor, raised by appellant's third point, it is seen that the chancellor found an implied agreement arose between the parties after the attorney secured all of the family assets for the appellant, that he was to look to her for his fee, which would necessarily have to be paid out of the assets thus obtained. This finding is not contested, and is borne out by the fact that the appellant wife did make a $2,000 payment after the aforementioned assets had been transferred by her husband, which indicates that the original agreement for the attorney to look to the husband for his fee had been abandoned.
In such a situation, where an express or implied agreement is found, the attorney is entitled to a charging lien even against real property secured for his client, as was pointed out in a recent case from this court; Billingham v. Thiele, Fla.App., 107 So.2d 238.
The question raised on the cross-appeal must be decided adversely to cross-appellant. *593 It is undisputed that a court must accept as true facts which are undisputed, but this does not extend to undisputed statements of opinion. It is within the province of the trier of fact, in this instance the chancellor below, to accept such statements of opinion or to reject such as his discretion may direct and in no instance would he be required to look to such as more than a guide in arriving at a conclusion. Dratch v. Dade County, Fla.App. 1958, 105 So.2d 171.
The decree of the lower court is therefore affirmed.
Affirmed.
ALLEN, Acting C.J., and SHANNON, J., concur.