109 So.2d 584 (1959)
Jane Reif BRASCH, Appellant,
v.
Irving W. BRASCH and Robert King High, Appellees.
No. 58-107.
District Court of Appeal of Florida. Third District.
March 3, 1959.
Rehearing Denied March 24, 1959.
*585 Copeland, Therrel, Baisden & Peterson and Fred R. Baisden, Miami Beach, for appellant.
Charles H. Snowden, Miami, and Monrad R. Thue, for appellee Irving W. Brasch.
Robert King High and Burton M. Michaels, Miami, for appellee Robert King High.
HORTON, Judge.
The facts that gave rise to this appeal are not in dispute. The appellant and the appellee-Brasch were divorced by decree of the Circuit Court of Dade County in 1952.
On March 20, 1957, appellee-High, as attorney for appellant, filed a petition against appellee-Brasch to enforce certain rights granted the appellant under the terms of the final decree of divorce aforesaid, and for an accounting. At about the same time, the appellant and appellee-High entered into a written contingency fee contract providing for High's employment as appellant's attorney and compensation for his services. On May 8, 1957, the chancellor entered an order referring the cause to a special master in chancery "for the purpose of taking testimony with reference to an accounting between the plaintiff, Jane Reif Brasch, and the defendant, Irving W. Brasch". Sometime subsequent to the appointment of the special master, but in May, 1957, the appellant and appellee-Brasch compromised their differences and entered into a written agreement securing to the appellant the rights granted to her under the terms of the final decree, and an agreed accounting of income received by appellee-Brasch. After the agreement between the appellant and appellee-Brasch, High and the appellant entered into another employment contract which superseded the contract of March, 1957.
In a letter dated July 20, 1957, the appellant notified appellee-High that he was discharged as her counsel and that she had hired an Ohio firm of attorneys to represent her. A letter to a similar effect was directed to the Clerk of the Circuit Court of Dade County under date of July 22, 1957, by Ohio attorneys requesting that said attorneys be entered of record as representing the appellant.
On August 8, 1957, appellee-High filed a petition for equitable relief and a bill of intervention, setting out his written *586 contract with the appellant and delineating the services which he had rendered her. Upon the basis of the petition, the court, on the same day, entered a restraining order, without notice, against the appellant, as well as the appellee-Brasch, which order directed that service of process of the petition for intervention filed by High should be had on the appellant by mail at her Ohio address. This was done, and proof of the service of same was filed in the cause.
On August 27, 1957, appellee-High filed in the cause, on behalf of the appellant as her attorney, a motion to compel the appellee-Brasch to answer certain interrogatories which had theretofore been propounded and had not been answered. Pursuant to said motion, the court, on September 3, 1957, entered its order requiring appellee-Brasch to answer the interrogatories and to furnish a copy of such answers to appellee-High as appellant's counsel.
Under date of August 29, 1957, a second letter from the Ohio attorneys was directed to one of the judges of the Circuit Court of Dade County, again reiterating the fact that appellant had discharged appellee-High as her counsel and that he had no authority to continue to act in her behalf. Simultaneously with the aforesaid letter, Ohio counsel directed a letter to appellee-High, again reminding him that he had been dismissed as the appellant's counsel and requesting that he desist from any further activity in the case on her behalf.
On September 9 and September 19, 1957, hearings were had before the special master in chancery. At the hearing on September 19th, there was offered and admitted into evidence a settlement agreement bearing the witnessed signature of the appellant, which purported to settle all differences existing between the parties. The special master, after the two hearings aforesaid, proceeded, on September 25, 1957, to file his report in which he recommended that an order be entered pursuant to the settlement agreement between the parties; that a judgment be entered in favor of the appellee-High in the sum of $8,333.33; that certain oil companies be notified that the appellant was to transfer certain interests in oil royalties to the appellee-High and that a reasonable master's fee should be awarded with 90% thereof to be assessed against the appellant and 10% against the appellee-High. Thereafter, on October 4, 1957, the appellee-High, on behalf of the appellant, and for himself, filed exceptions to the special master's report. These exceptions to the report were resolved by an order of the court, dated October 14, 1957, substantially in accordance with the objections filed by appellee-High. Three days later, present counsel for the appellant appeared in the cause via special appearance and motion to quash in which they questioned the court's jurisdiction over the appellant as well as the subject matter of appellee-High's petition. The motion to quash was denied and the appellant was directed to answer appellee-High's petition within ten days. This was not done and a decree pro confesso resulted.
The court then proceeded, on December 23, 1957, to enter a money judgment against the appellant for the sum of $8,333.33 found to be due under the terms of the employment contract, a judgment for contingent sums accrued and to accrue and other relief. Execution on the judgment was directed by the court. On the same day the court entered an order setting the fee of the special master and assessing 90% of said fee against the appellant and 10% against appellee-High. It is from the final money judgment and the order setting special master's fee and assessing the same that this appeal has been taken.
The appellant contends on this appeal: (1) that the appellant's motion to quash the purported service of process should have been granted, and (2) that a divorced wife who seeks to enforce an alimony provision *587 of a final decree is not chargeable with costs incident thereto.
On the first point, the appellant's principal contention is that the court below had no authority to enter a money judgment in favor of the appellee-High in a proceeding instituted originally by the appellant for the enforcement of a right against her former husband. In other words, the appellant complains that the petition to enforce the alleged contract for attorney's fees brought a new subject matter into the main proceedings which should have been litigated in a separate action at law, and that in any event the court was without jurisdiction to render a money judgment without personal service of process. We agree with appellant that the trial court was without authority to enter a money judgment for attorney's fees under the circumstances demonstrated by this record.
The appellant had a perfect right to discharge the appellee-High as her attorney at any time with or without just cause, and apparently she attempted to do this by her letter of July 20, 1957 and subsequent communications. See Goodkind v. Wolkowsky, 132 Fla. 63, 180 So. 538; Diem v. Diem, 136 Fla. 824, 187 So. 569; Carey v. Town of Gulfport, 140 Fla. 40, 191 So. 45; Harvey v. Rowe, 141 Fla. 287, 192 So. 878. The record, however, discloses that the appellee-High, by various actions taken in the case subsequent to notification by the appellant of his discharge, continued to act as her attorney. Upon notification of his discharge as appellant's attorney, the interests of the appellee-High and the appellant became conflicting, and the relationship of attorney and client ceased. Therefore, any actions which he may have taken and did take subsequent to receiving notice of discharge were without lawful authority and were not binding upon the appellant. This, of course, does not mean that because of his discharge the appellee-High was without remedy and the chancellor was without authority to protect the interests of the attorney under his employment contract. If the appellee-High desired a money judgment against the appellant for sums due him under his contract of employment, then his recourse should have been in an action at law upon the contract wherein the appellant would have been entitled to procedural due process including the service of process upon her. The chancellor, however, was not without authority to protect the claim of appellee-High to such an extent as was practicable in an adjudication of the subject matter before him. The appellant invoked the jurisdiction of the court to enforce her rights to certain property under the terms of the final decree and in so doing, was subject to the jurisdiction of the court and such lawful decrees as might be entered affecting the subject matter of the litigation.
The subject matter before the court for determination was the right of appellant in certain property and an accounting. This was the issue referred to the special master. However, before the special master was called upon to take an accounting, the parties resolved the conflict by an agreement, subject, of course, to the chancellor's continuing jurisdiction to approve or disapprove such agreement. The chancellor's judgment and order appealed do not appear to have approved or disapproved the agreement between appellant and her former husband, and therefore his jurisdiction over the subject matter before him has not been exhausted or terminated.
The appearance of Ohio attorneys in the cause was apparently without sanction of the chancellor and absent his approval, they had no standing before the court. When a litigant wishes to replace his attorney or to secure additional counsel or the attorney desires to withdraw from the case, the moving party should obtain the court's consent therefor. Feuer v. Feuer, 156 Fla. 117, 22 So.2d 641.
The order setting the special master's fee and the assessment thereof of *588 90% against the appellant is without legal basis. It is readily apparent from the record in this cause that no reason existed for the taking of testimony since prior thereto the parties had resolved their differences by an agreement. Other than the special master's fee awarded, costs, if any, incurred in the prosecution of the appellant's claim against her former husband should be assessed against the appellee-Brasch. The appellant was required by the conduct of her former husband to institute these proceedings to enforce her rights under the final decree and, therefore, such costs as have been incurred other than the special master's fee should be assessed against him. See § 65.16, Fla. Stat., F.S.A.
Accordingly, the final judgment appealed is reversed and the cause is remanded for further proceedings not inconsistent herewith. The order assessing a portion of the special master's fee against the appellant is reversed.
Reversed and remanded with directions.
CARROLL, CHAS., C.J., and PEARSON, J., concur.

On Petition for Rehearing.
PER CURIAM.
Appellee-High's petition for rehearing calls attention to the case of Robertson v. Robertson, Fla.App. 1958, 106 So.2d 590, decided November 7, 1958, by the District Court of Appeal, Second District.
In the petition for rehearing, it is not contended that our decision is in conflict with the Robertson case, but that the holdings there are closely related to matters involved in this case. As we read the Robertson case, it is not in conflict and is distinguishable. It was an original suit by a wife for separate maintenance. A fee for her attorney, if allowed by the court in that case, would be payable by the husband. See § 65.09, Fla. Stat., F.S.A.; McFarlin v. McFarlin, Fla. 1954, 75 So.2d 580. His obligation would not necessarily be what the wife contracted to pay her attorney but would be such sum as the court found to be reasonable compensation for the attorney's services. On that basis, the court might or might not choose the figure which the wife and her attorney had agreed upon for his fee. In the Robertson case, the parties reconciled and the court dismissed the cause but retained jurisdiction to make an order regarding the payment of a fee. In the settlement and reconciliation of the parties, the husband's assets were all turned over to the wife, and the court found there was an implied agreement between the parties, after the husband's assets had been transferred to the wife, that the attorney should look to the wife for payment of the fee. On that basis the court in the Robertson case found that the lawyer's fee "would necessarily have to be paid out of the assets thus obtained". [106 So.2d 592]
In the present case, there was no such agreement between the parties to the suit. There was no motion to require the husband to pay the wife's attorney's fee. Her proceeding was a motion to force the husband to transfer to the wife certain property which under the decree he was already obligated to do. After that was accomplished, the lawyer sought to enforce against the wife a contract for fees which she had made with him. While the attorney, on recovering property for the wife, would be entitled under the applicable law in Florida to a charging lien on the property thus recovered, the question of the amount of his fee and the wife's liability under the contract to pay it was a matter to be litigated between them, as pointed out in this court's opinion of March 3, 1959.
The several grounds in the petition for rehearing having been considered, the petition is denied, and this court's opinion and judgment of March 3, 1959, is adhered to.
CARROLL, CHAS., C.J., and HORTON and PEARSON, JJ., concur.