Carl J. BATTER, Appellant,

v.

Columbus Jefferson (Joe) WILLIAMS,
Appellee.

No. 19945.

United States Court of Appeals
Fifth Circuit.

April 29, 1963.

Carl J. Batter, Washington, D. C., for appellant.

Walter G. Arnold, Jacksonville, Fla., for appellee.

Before TUTTLE, Chief Judge, and JONES and BELL, Circuit Judges.

PER CURIAM.

Appellant appeals from a dismissal of his complaint for failure to meet the $10,000 jurisdictional amount in controversy. Although appellant alleged that his claim exceeded $10,000, it appears to a legal certainty after examining the complaint in its entirety that the plaintiff could not proceed to a judgment for an amount necessary to the jurisdiction of the district court. See Vance v. W. A. Vandercook Co., 170 U.S. 468, 18 S.Ct. 645, 42 L.Ed. 1111.

Appellant sought attorney's fees from the appellee, claiming $15,280.96. From the allegations of the complaint, this sum consisted of $5,280.96, representing services actually rendered, and $10,000 which represented an amount that plaintiff claims he would have been entitled to had he not been discharged by the defendant prior to the termination of what plaintiff claims was the agreed upon employment. Appellant's contract with appellee provided he would be given "all his out-of-pocket expenses, a per diem rate for time devoted to the cause and a fee at the conclusion of the services." It was this "fee at the conclusion of the services" that was the basis of the $10,000 claim.

The rule in Florida, the law governing the case at bar, is that an attorney may recover *for damages for breach of contract* for attorney's fees when the

client discharges him without cause only if there is a definite agreed upon fee. Where there is no agreement as to a fixed fee the attorney will only be allowed to recover in quantum meruit for services already rendered. See Goodkind v. Wolkowsky, 132 Fla. 63, 180 So. 538 (1938); Osius v. Hastings, 97 So.2d 623 (Ct. of App.Fla.1957).

Since there was no fixed fee in this case, the above rule would preclude the appellant from recovering anything other than the $5,280 in quantum meruit. Thus the district court's dismissal of appellant's complaint on grounds of insufficient jurisdictional amount in controversy is

Affirmed.