CARROLL, Judge.
This is an original proceeding in mandamus. On consideration of the pleadings, briefs and argument we hold the relator is entitled to judgment in mandamus and to the issuance of a peremptory writ of mandamus.
It is disclosed that Comer W. Branch, Jr., during his lifetime, filed an action for damages for personal injuries in the circuit court of Dade County, acting through Fred A. Jones, Jr. as his attorney, with whom he had entered into a contingent fee contract whereby a fee of the attorney was to be dependent upon recovery, and was to be a percentage of the amount recovered by settlement or judgment. Following the death of Comer during the pendency of the case, the relator was appointed administratrix of his estate, and was substituted as plaintiff in the cause. She chose to dispense with the services of Jones and to employ other counsel, and so moved the court for substitution of counsel. Her motion was denied, by an order in which the basis for denial was stated as follows: “There has been no showing of either the need or necessity for any substitution of counsel and the only effect of substitution of counsel will be the ultimate deprivation of income to the estate by virtue of a double attorney’s fee, or an attorney’s fee which might well *469 result in a court award of an amount in excess of the sum contracted for by the late Comer Woodward Branch.”
It also appears that to avoid the possibility of a duplication of fees or an excessive fee resulting from the substitution of counsel, at the time of the application therefor the attorney whom the plaintiff desired to substitute announced that if necessary to avoid an excess in attorney fees he would proceed in the cause from that point without compensation.
It appears well settled that a litigant is entitled to dispense with the services of his attorney of record at any time with or without cause and without the need to assign a reason, and to have other counsel substituted in the cause. United States Savings Bank v. Pittman, 80 Fla. 423, 86 So. 567, 573; Goodkind v. Wolkowsky, 132 Fla. 63, 180 So. 538, 540; Diem v. Diem, 136 Fla. 824, 187 So. 569; Carey v. Town of Gulfport, 140 Fla. 40, 191 So. 45, 46; Harvey v. Rowe, 141 Fla. 287, 192 So. 878, 880; Osius v. Hastings, Fla.App. 1957, 97 So.2d 623; Brasch v. Brasch, Fla.App. 1959, 109 So.2d 584, 587. “The right of the client to discharge his attorney is not affected by a previous arrangement between the parties giving the attorney a contingent fee interest in the results of the litigation.” 7 Am.Jur.2d, Attorneys at Law § 138.
A question of whether the dismissal of an attorney of record in a pending suit is for valid cause, or is without cause, does not affect the right of the litigant to dispense with the services of one attorney and employ another, because that right of the client is an implied term of every contract of employment of counsel. The question of existence or non-existence of valid cause for discharge of an attorney is important only in determining his right to compensation or damages. In the present case there is no contention that the discharge of the attorney was for cause, and therefore the attorney is entitled to be protected for his just compensation.
In a pending case, when a party desires to dismiss an attorney of record and proceed with another attorney, an order of the court must be applied for and obtained in •order to effect a substitution of counsel.
In view of the established right of a client to dismiss an attorney of record and proceed with another, the court is under a clear legal duty to order the substitution subject to such provision as the court may make with reference to compensation for the attorney who is being removed, in the absence of a possible exceptional situation for which substitution could be denied.[1]
On the question of whether the discharged attorney is to be protected in such order for the full compensation of the contingent fee contract, or only for the portion thereof which his services prior to removal bear to the total services performed or necessary to be performed in the cause, or shall be compensated upon quantum meruit rather than be left to the contingency of recovery, we make no ruling, leaving the determination thereof to the trial court. See Osius v. Hastings, supra, Fla.App.1957, 97 So.2d 623; Batter v. Williams, 5 Cir. 1963, 316 F.2d 540. A collateral dispute between the client and the dismissed lawyer, if it shall exist, as to the basis or amount of compensation to be paid for his services, or for which security shall be required, should not be permitted to interfere with the progress of the cause by operating to delay the grant of substitution of counsel. Such a delay should be avoided by entering the order for substitution of counsel with appropriate reservation of jurisdiction to determine and provide for the compensation in later proceedings, if, because of *470 such collateral dispute or otherwise, it does not appear practicable to make final determination with respect thereto or as to the security therefor, in the substitution order. See Doggett v. Deauville Corporation, 5 Cir.1954, 148 F.2d 881, 883.
We hold the relator is entitled to the issuance of a peremptory writ of mandamus to accomplish the entry of an order for substitution as delineated above. In view thereof we assume an order for substitution of counsel will be entered by the trial court without a necessity for the issuance of a formal peremptory writ of mandamus.
It is so ordered.

. Substitution of counsel may be denied when it is determined that it would interfere with the efficient and proper functioning of the court, such as upon the eve of, or during the trial of a cause. Compare, Fisher v. State, Fla.1971, 248 So.2d 479.