403 So.2d 624 (1981)
ATLANTIC COMMERCIAL DEVELOPMENT CORP., Ruby Mountain Construction and Development Corp., and Meadow Valley Ranchos, Inc., Petitioners,
v.
NORTEK, INC., Respondent.
No. 81-950.
District Court of Appeal of Florida, Fifth District.
September 16, 1981.
Jeffrey S. Goldman of Rice, O'Dell & Goldman, Orlando, and Robert Mark of Arky, Freed, Stearns, Watson & Greer, Miami, for petitioners.
Valerie J. Hall, Gainesville, for respondent.
COWART, Judge.
This is a petition for certiorari to review an order denying a motion for substitution of counsel.
Apparently a certain group of litigating parties have over one hundred related cases pending before the trial judge and, in the past, there has been such a constant changing *625 of lawyers representing some of the parties that it was difficult for the trial court to maintain proper control over the course of the entire litigation. At one point of time, when the law firm of Arky, Freed, Stearns, Watson & Greer appeared on behalf of certain parties in one cause the trial judge gave them fair warning that if they chose to enter an appearance as counsel of record they would not be allowed to withdraw and that no other counsel would be allowed to substitute on their behalf. True to the trial judge's foresight, a few months later the law firm of Rice, O'Dell and Goldman and the Arky firm jointly moved the trial court for an order permitting the substitution of the Rice firm for the Arky firm. The trial court, true to his warning, denied the motion and declined to permit the Rice firm to act as counsel for petitioners in lieu of the Arky firm.
We can understand how disjointing, disruptive and discombobulating it can be, in protracted, multitudinous litigation of complex nature, for a party to change counsel. In such litigation there are usually matters and understandings between the trial judge and trial counsel that are not so clearly recorded in counsel's files but that some great imposition on other counsel and the trial judge is necessary to assist new counsel to become familiar with the entire controversy and past understandings. On the other hand it is the clear, near-absolute right of a litigant to dispense with the services of one attorney and to employ and proceed with another.[1]
We note Florida Rule of Judicial Administration 2.060(h) and (i) which provides that an attorney for a party shall not be permitted to withdraw from an action nor may an attorney be substituted unless the withdrawal or substitution is approved by order of the court. However, State ex rel. Branch v. DuVal, 249 So.2d 468 (Fla. 3d DCA 1971), hold that, in view of the established right of a client to dismiss an attorney of record and proceed with another, the court is under such a clear legal duty to order substitution of counsel that a relator would be entitled to the issuance of a peremptory writ of mandamus, if necessary, to accomplish the entry of an order for a desired substitution of counsel.
It has been said that approval by the court should be rarely withheld and then only upon a determination that to grant the requested withdrawal or substitution of counsel would interfere with the efficient, orderly and proper functioning of the court. As "unusual circumstances" justifying a refusal to allow withdrawal Fisher v. State, 248 So.2d 479 (Fla. 1971), cites only cases involving the untimeliness of the request: withdrawal being denied when made a few days before trial, on the eve of trial or on the day of trial.
When the motion for substitution of counsel in this case was filed the case was still in the pleading stage, as a motion to strike an amended counterclaim was outstanding. The case had not been scheduled for trial. The trial court did not find nor is there any basis in the record to deduct, that there were unusual circumstances justifying denial of a withdrawal and substitution of counsel. The trial court acted in adherence to his earlier warning that no substitution would be permitted. Although it was fair of the trial judge to forewarn counsel of his intended action in the event substitution of counsel was later requested, we cannot hold that a client's substantive right to change counsel can be limited or eliminated by such a judicial forewarning. Accordingly we quash the order dated July 2, 1981, denying the motion to substitute counsel. An order dated August 3, 1981, striking pleadings of petitioner as sanctions for failure to make discovery also refers in the premises to the petitioners' failure to comply with the trial court's order on motion for substitution of counsel dated July 2, *626 1981. Reposing special confidence in the trial judge we assume that the trial court will neither visit, nor allow to remain, upon petitioners any sanction, penalty or disadvantage that may have resulted from entry of the order we quash.
PETITION GRANTED, ORDER QUASHED.
DAUKSCH, C.J., and ORFINGER, J., concur.
NOTES
[1] Hastings v. Osius, 104 So.2d 21 (Fla. 1958); Harvey v. Rowe, 141 Fla. 287, 192 So. 878 (1940); Carey v. Gulfport, 140 Fla. 40, 191 So. 45 (1939); Diem v. Diem, 136 Fla. 824, 187 So. 569 (1939); Goodkind v. Wolkowsky, 132 Fla. 63, 180 So. 538 (1938); United States Sav. Bank v. Pittman, 80 Fla. 423, 86 So. 567 (1920); Levin v. Rosenberg, 372 So.2d 956, 958 (Fla. 3d DCA 1979); Brasch v. Brasch, 109 So.2d 584 (Fla. 3d DCA 1959).