PER CURIAM.
Lourdes Chauvet, personal representative and primary beneficiary of her deceased husband’s estate, appeals orders which denied her motions for substitution of counsel and disqualification of the trial judge. We agree that appeals do not lie, but treat the appeal from the denial of the motion for leave to substitute counsel as a petition for mandamus, Florida Rule of Civil Procedure 9.040(c),[1] and grant the relief.[2] State ex rel. Branch v. DuVal, 249 So.2d 468 (Fla. 3d DCA1971) (trial court may be directed to order substitution of counsel by proceeding in mandamus).
Petitioner submitted to the court a stipulation for substitution executed by both the new attorney and the attorney seeking to be discharged. Other material facts show that the judge had been assigned to the case only two weeks prior to the hearing on the motion for substitution; the case had not yet been set for trial; and no request had been made by the petitioner to have the case continued so as to accommodate a new attorney.
In a civil action, a party has a right to terminate an attorney-client relationship at any time in favor of another attorney unless it is determined that the substitution would interfere with the efficient and proper functioning of the court. Fisher v. State, 248 So.2d 479 (Fla.1971); DuVal, *741 249 So.2d 468. No such determination was made in this case. In fact, that part of the record cited by the respondent suggests that the legal standard applicable in substitution of counsel cases was not considered:
The Court: Okay, the motion for substitution of counsel is denied. You will remain in this case sir, because two weeks ago you indicated to me you’re ready for trial.
Mr. Bounds: That’s correct sir. Since that time, the personal representative has advised me I’m terminated.
The Court: Fine. Take it up.
* * * * sfc *
The Court: The motion to substitute comes too late, and the Court is not going to consider it. I’ll give counsel ten days, and if I don’t hear from the Third District, I intend to set this case for trial.
[Emphasis supplied.] Further, to compel an attorney in a civil case who has once appeared as counsel to remain in the case against his wishes, except in unusual circumstances, might well result in a violation of constitutional rights. Fisher v. State, 248 So.2d at 485. Because there were no unusual circumstances in this case, there was a clear legal duty to order substitution of the attorney selected by the estate.
Mandamus is granted and the order denying substitution is quashed.

. The rule provides that where "a party seeks an improper remedy, the cause shall be treated as if the proper remedy had been sought.”

. As to the motion for disqualification, we decline the exercise of jurisdiction.