PER CURIAM.
Petitioner requests a writ of mandamus to compel the trial court to grant a motion to substitute counsel. We grant the writ.
This dispute involves the manner in which petitioner’s counsel in a personal injury suit left his former firm, taking petitioner as his client. The former firm complained loudly that the attorney’s conduct and actions were unethical and, if the allegations are true, illegal. When petitioner moved to substitute his attorney for the attorney’s former firm, the trial court denied the same based upon the allegations of how petitioner’s attorney had acquired the file from the former firm.
While the trial court’s concern for preventing what may be a violation of ethics is commendable, the court does not have the power to discipline the attorney by refusing to allow him to participate in the case. See Pantori, Inc. v. Stephenson, 384 So.2d 1357 (Fla. 5th DCA 1980). If after considering the issue, the court believes that violations of the Florida Bar Code of Professional Responsibility have occurred, then the trial judge should initiate disciplinary proceedings through the Bar. Florida Bar Code of Judicial Conduct, Canon 3(B)(3). However, so long as the attorney is in good standing with the Bar and the substitution of attorneys will not interfere with the orderly functioning of the court, see Fisher v. State, 248 So.2d 479 (Fla.1971) (delay in trial), or prejudice the opposing party by creating unfair advantage, cf. Pantori, Inc. (revelation of confidential secrets to attorney who represented opposing party in prior proceedings), the client has a right to choose his own counsel. See also Chauvet v. Estate of Chauvet, 599 So.2d 740 (Fla. 3d DCA 1992). Thus, we grant the petition for writ of mandamus in case number 92-1826 and quash the order denying substitution of counsel.
ANSTEAD and WARNER, JJ., concur.
LETTS, J., dissenting without opinion.