709 So.2d 184 (1998)
Miriam Michelle DAVIS, Appellant,
v.
Krista MEEKS and Gary Meeks, her husband, Appellees.
No. 98-322.
District Court of Appeal of Florida, First District.
April 9, 1998.
Martin H. Levin, of Levin, Middlebrook, Thomas & Mitchell, Pensacola, for appellant.
Michael I. Coulson, of Saalfield, Coulson, Shad & Jay, Jacksonville; Henry M. Coxe, III, of Bedell, Dittmar, DeVault, Pillans & Coxe, Jacksonville, for appellant.
C. Wayne Alford, of Alford & Kalil, Jacksonville, for appellees.
PER CURIAM.
The issue presently before the court is the question of who, among the various counsel claiming an entitlement to do so, should be deemed to be speaking on behalf of appellant Miriam Michelle Davis in this appeal.
In litigation arising out of an automobile accident, Davis suffered a judgment in excess of $1.8 million in favor of the Meeks. As a *185 consequence of this judgment, Davis and her insurer are now adverse parties in a declaratory judgment and bad faith action pending in a Georgia state court. Davis is represented by Martin H. Levin in that case, who as well represents her in a pending malpractice claim against her counsel in the original lawsuit. During a deposition taken in the Georgia case, Levin verbally authorized counsel for the insurer to file a motion for relief from the $1.8 million judgment, and attorneys Henry M. Coxe, III, and Michael I. Coulson subsequently undertook that task. By a notice of appeal filed by Messrs. Coxe and Coulson, review is now sought of the trial court's order denying that motion.
Shortly after the appeal was lodged with this court, Levin gave notice of his appearance on behalf of Davis, and two days later, he filed a notice voluntarily dismissing the appeal. Asserting that they in fact represent Davis' interests in this case, Coxe and Coulson have moved to strike the notice of voluntary dismissal filed by Levin, and have moved to disqualify him from representing Davis in this proceeding. Both motions are essentially predicated on the claim that Levin's representation of Davis in the bad faith action was procured by counsel for the Meeks, and that Levin has a conflict of interest since he stands to gain in the bad faith and malpractice litigation if the $1.8 million judgment is permitted to stand. In turn, Levin responds that he is intimately familiar with the complex issues involved, has discussed with Davis the potential benefits and detriments of proceeding with the appeal, and they have jointly determined that her best interests are served by the dismissal of this case. In connection with his response, Levin has presented a sworn affidavit of Ms. Davis, in which she attests that she approves of Levin's appearance on her behalf and his filing of a notice of dismissal, as her wish is to have the appeal dismissed.
Having duly considered the competing claims of counsel, we conclude that no basis has been shown for disqualifying Mr. Levin or for striking the notice of voluntary dismissal filed by him. Although it is undisputed that Messrs. Coxe and Coulson were at one time authorized to pursue the motion for relief from judgment, it is clear that any such authorization has now been revoked by Ms. Davis. Under these circumstances, determining who best represents her interests in this case is not the province of this court, but rather of Ms. Davis herself. See Larson v. Grossman, 604 So.2d 1274 (Fla. 4th DCA 1992). For her part, she has unequivocally stated that she approves of Mr. Levin's actions with respect to this appeal. The wisdom of her choice is not for us to decide, and the consequences of that choice present issues for resolution in another forum on another day.
Accordingly, the motion to disqualify counsel and to strike the notice of voluntary dismissal are denied, and the appeal is dismissed in accordance with Florida Rule of Appellate Procedure 9.350(b).
APPEAL DISMISSED.
BARFIELD, C.J., and ALLEN and LAWRENCE, JJ., concur.