DAVID A. GOODKIND v. FRANK WOLKOWSKY, as Administrator of the Estate of A. Wolkowsky, Deceased.

180 So. 538.
Division B.
Opinion Filed April 14, 1938.

*Leonard Epstein,* for Petitioner.

*Stapp, Gourléy, Ward & Ward* and *E. Clyde Vining,* for Respondent.

BROWN, J.—This case is before the court on a writ of certiorari reviewing the proceedings of the Circuit Court of the eleventh judicial circuit on an appeal from a judgment rendered by the Civil Court of Record of Dade County.

It appears that David A. Goodkind, the plaintiff below, was a certified public accountant with address at No. 1 Madison Avenue, New York City, and that the United States Government had levied certain assessments for income taxes against A. Wolkowsky, Isaac and Freda Wol-

kowsky and Frank Wolkowsky, and that on April 10, 1931, a contract of employment was entered into which was signed by I. Wolkowsky and directed to Mr. David A. Goodkind, C. P. A., 1 Madison Avenue, New York, New York, which after describing the assessments in question, contained the following statement:

"I employ you to represent the aforementioned taxpayers before the treasury department and the United States Board of Tax Appeals, and in consideration for your services, I agree to compensate you in the sum of four thousand ($4,000.00) dollars.

"Said compensation of $4,000.00 is to be paid to you immediately upon the final determination as handed down by the United States Board of Tax Appeals or as the result of compromise or settlement with the commissioner of Internal Revenue.

"Yours very truly,

"(sgd.) D. Wolkowsky.

"In consideration of the sum of ten dollars, receipt of which is hereby acknowledged, and for other good and valuable considerations, I, A. Wolkowsky, of Key West and Miami, Florida, hereby guarantee the payment and at the time due, as above set forth.

"(sgd.) A. Wolkowsky."

A demurrer to the plaintiff's first declaration was sustained. Consequently the plaintiff filed an amended declaration consisting of one special count. The count sets out the employment contract and the fact that A. Wolkowsky, as a part of the original agreement, guaranteed in writing the payment of the sum of $4,000.00 under the terms of the contract of employment. Plaintiff further avers that he entered upon his duties pursuant to the aforesaid con-

tract and guaranty, that he substantially performed on his part the said contract, but while plaintiff was engaged in the performance of the contract, some six weeks after the contract was made, I. Wolkowsky did wrongfully discharge him without just cause and did thereby breach the contract, and thereafter the said A. Wolkowsky died and Frank Wolkowsky was duly appointed as administrator of the estate, and that the said Frank Wolkowsky, as administrator of his estate, had refused and failed to pay the sum due under the contract of guaranty entered into between the said A. Wolkowsky, now deceased, and the plaintiff. Plaintiff sued defendant and claims damages in the sum of $5,000.00.

Defendant's demurrer to the plaintiff's amended declaration was sustained on the ground that plaintiff's right to recover must be restricted to a reasonable compensation for the value of the services performed prior to the discharge. It appears that the plaintiff refused to plead further and judgment was entered on the pleadings.

This cause was then appealed to the Circuit Court of the Eleventh Judicial Circuit on a writ of error from the judgment of the Civil Court of Record of Dade County. Two Judges of the Circuit Court were for affirmance and two were for reversal. Judgment of affirmance was duly entered and petition for rehearing was denied.

The sole question before this court is the legal sufficiency of the special count of the declaration to withstand demurrer.

Under the rules of the United States Board of Tax Appeals attorneys and certified public accountants are admitted to practice under the same rules and under the same conditions. There is no difference between the admission of a certified public accountant to practice before said board and the admission of an attorney at law to practice before

said Board. See Rule 2 of the United States Board of Tax Appeals.

The plaintiff below in this cause was employed to represent the taxpayers before this Board or before the Commissioner of Internal Revenue. He was not employed simply to make an audit and under the terms of said contract his duty would be the same as if an attorney at law had been employed to represent any client before said Board or before any court. We hold, therefore, that the employment of the plaintiff is governed by the same rules as would govern the employment of an attorney at law in this state.

This court has held in the case of United States Bank v. Pittman, 86 So. 567, 80 Fla. 423, in relation to attorney and client, as follows:

"The authorities universally recognize the right of a client to terminate the relationship between himself and his attorney at his election, with or without cause, the existence or non-existence of valid cause for the discharge of the attorney, *bearing only on his right to compensation.* The right of a client to change his attorney at will is based on necessity in view of both of the delicate and confidential relation between them and of the evil engendered by friction and distrust. 2 R. C. L. 927."

Up to this point we are in accordance with the affirming opinion of two of the Circuit Judges rendered in the court below. It is their further contention that:

"We think it apparent that under a contract of the type entered into here it was an implied part of the contract that the plaintiff could be discharged at any time by the client with or without cause. If the client had a right to discharge plaintiff with or without cause, then his election to do so would not constitute a breach of the contract. While it is conceded that the action against the guarantor would have to be based upon a special count and that a

common count would not suffice, yet the special count as shown by the amended declaration was based solely upon the breach of contract and action for damages therefor. We believe that the lower court stated the correct principle in the order sustaining the demurrer to the amended declaration."

Here we are forced to diverge from the views expressed by these learned men. The opinion of the trial Judge as expressed in connection with the order sustaining the demurrer, having been endorsed by the sustaining opinion of the Circuit Court, must here be set forth in full.

"It is the Court's opinion that the nature of the plaintiff's employment as certified public accountant to represent the parties named in the declaration in a controversy between the United States Government, before the United States Board of Tax Appeals and the United States Treasury Department, is similar to that existing between attorney and client, and it is governed by the same principles of law; that every contract for professional services contains an implied provision permitting the employer, with or without cause, to terminate the contract; the existence or non-existence of valid cause for the discharge of the employee bearing only on his right to compensation, *which compensation would be limited to the reasonable value of services rendered prior to the discharge*. The amended declaration being for a breach of the contract, and plaintiff declining to amend to restrict his right to recovery to a reasonable compensation for the value of the services performed prior to discharge, it is considered, ordered and adjudged, that the demurrer to the said amended declaration be, and the same is hereby sustained * * *."

We may gather from these opinions that the objections to the special count is, first, that it is based on a breach of the contract, and that as there is an implied provision in the

contract that the client can terminate the contract at will, with or without cause, there has been no breach of the contract; secondly, that the plaintiff must restrict his right to recovery to a reasonable compensation for the value of the services performed prior to the discharge.

We are unable to agree with the lower court or to follow this line of reasoning. True it is that our court, in United States Bank v. Pittman, *supra,* recognized the universal rule that a client has a right to terminate his relationship with his attorney with or without cause, but in that case it was said, "the existence or non-existence of valid cause for discharge of the attorney bearing only on his right to compensation." Nowhere in the holdings of this court can we find authority for the statement made by the trial judge in his *order* sustaining the demurrer to the effect that, "Compensation should be limited to the reasonable value of services rendered prior to the discharge," nor does this appear to be the rule in the majority of jurisdictions outside this state.

The special count of the declaration alleged a breach of the contract without cause and substantial performance on the part of the plaintiff. Does a client have a right to arbitrarily dismiss his attorney without cause and without paying him the contracted fee and not be then liable on the contract?

Let us review the authorities. We find the following passage in 6 C. J. 724:

"Where an attorney has been discharged by his client without cause, the attorney may rescind the contract of employment and may recover on a *quantum meruit* for services rendered up to the date of his discharge; or he may treat the contract as continuing, although broken by the client, and may recover damages for the breach."

"According to the weight of authority, the measure of damages for such breach of contract is the full contract price, especially when the attorney's work is substantially done, unless some other sum has been agreed upon."

Reasons for this view are aptly given in the case of Myers v. Crockett, 14 Tex. 257, 258; Moyer v. Cantieny, 41 Minn. 242, 42 N. W. 1060; and Kersey v. Carton, 77 Mo. 645, 646. In Fee Contracts of Lawyers by Earl Wood, we find on pages 204 and 206 the following passage which is well supported by annotations:

"The decisions are almost uniform to the effect that an attorney employed for a specific purpose, or for a specific time, and discharged without cause before the purpose has been accomplished or before the time has expired, is entitled to recover damages for the breach of the contract of employment."

"In the many courts permitting an action for damages for breach of the contract of employment, where an attorney employed for a specific purpose or for a specific time is discharged without cause, the measure of damages is usually the full fee expressed in the contract. 'If the attorney fully performs his agreement until discharged without cause, the measure of his damages should be the compensation named in the contract. The client, in such case, breaks his contract and at least makes it difficult, and in some cases practically impossible, for an attorney to show the amount of his injury under the rule of *quantum meruit*. If the client prevents the performance which entitles the attorney to specific recompense, it would seem that such amount and interest from the time it became due may be recovered in an action which sets forth such state of facts.' " (Citing numerous cases.)

In American Jurisprudence, Volume 5, Section 172, the following passage may be found:

"Although a client may at any time terminate the relationship between himself and his attorney, an attorney who, without fault on his part, is discharged by the client, or is otherwise wrongfully prevented from performing the professional duties for which he was employed, is entitled to compensation, even though it does not appear positively that he could have successfully terminated his employment."

On page 370, Section 182, it is stated: "It is well settled that if an attorney employed for a specific purpose is discharged before the purpose is accomplished, he is entitled to recover on a *quantum meruit* for services which have been rendered by him, although he may, according to the majority view, maintain an action for damages for the breach of the contract."

We find in Volume 83, page 165, of the American State Reports: "But if the breach was caused by the client, the attorney may recover on a *quantum meruit* for the reasonable value of his services or he may sue upon the contract and recover damages for its breach. French v. Cunningham, 149 Ind. 632, 49 N. E. 797."

And in 6 L. R. A. (NS) 92: "Under this rule, where an attorney is employed to defend certain suits for a client. for an agreed compensation, and he fully performs the contract on his part until discharged by the client, the measure of damages in an action for the wrongful discharge is the full contract price agreed to be paid by the parties. Webb v. Trescony, 76 Cal. 621, 18 Pac. 796; Brodie v. Watkins, 33 Arl. 545, 34 Am. Rep. 49; McElhinney v. Kline, 6 Mo. App. 94; Myers v. Crockett, 14 Tex. 257."

The view given by the sustaining opinion of the Circuit Court is referred to in American Jurisprudence and in Woods Fee Contracts of Lawyers. They cite Lawler v. Dunn (Minn.), 176 N. W. 989; Loque v. Defan (La.), 56 So. 427; Martin v. Camp (N. Y.), 114 N. E. 46; Ritz v.

Carpenter (S. D.), 178 N. W. 877. These cases hold that since in every contract between attorney and client there is an implied condition, that the client may discharge the attorney at any time, there is no breach of contract when the attorney is discharged, and that therefore, the attorney cannot recover damages but is limited to a recovery for the value of services rendered. This view is the decided minority view and is not, in our opinion, upheld by the better reasoning, although there are many points that may be made on either side of the question. The case of Martin v. Camp is, perhaps the leading case holding this view. This case is discussed in a note in L. R. A. 1917 F, page 407, as follows:

"The question which the courts do not uniformly answer is whether there is a breach of contract where the attorney has been discharged without cause before the work which he was employed to do is performed. The court in Martin v. Camp, ante 402, takes the position that there is no breach of contract in such a case. The reasoning by which the court arrives at this conclusion is, in brief, this: 'that the client may at any time for any reason or without any reason discharge his attorney is a firmly established rule * * * If the client has the right to terminate the relationship of attorney and client at any time without cause, it follows as a corollary that the client cannot be compelled to pay damages for exercising a right which is an implied condition of the contract.' "

"It is unquestionably true that the power of the attorney to represent his client may be terminated by the client at any time without cause, just as the power of an agent to represent his principal may be terminated by the principal unless the agency be one coupled with an interest. But this power thus to terminate the attorney's authority must be distinguished from the *right* to do so. If the attorney

is not employed for a definite time nor for a specified purpose, it seems clear that the power to terminate the employment corresponds with the right to do so. But if the client has employed the attorney for a definite time, he has negatived his right by the contract. While the client may still terminate the authority of the attorney to represent him, he has breached his contract in doing so, and must respond for the breach."

"The majority of the courts do not agree with the conclusions of Martin V. Camp but hold that the discharge of an attorney employed for a specified purpose, before the purpose has been accomplished, is a breach of the contract, at least if the services have been substantially rendered, only a small residue remaining to be performed."

In connection with the general question, where the relation of attorney and client is not involved, see Hazen v. Cobb, 96 Fla. 151, 117 So. 853.

We are inclined to follow the majority of the courts in holding that the discharge of an attorney, without cause, employed for a specified purpose and for a definite fee, after there has been substantial performance on the part of the attorney, is a breach of the contract for which an action for damages will lie against the client for the fee agreed upon.

In this case the action was against the guarantor and not against the client. Our court has held in the case of West v. Granger, 46 Fla. 259, 35 So. Rep. 91, 95, that "It is necessary to declare specially on a guaranty or promise to pay or answer for the debt or default of a third person. The common count will not suffice." This rule was again stated in St. Lucie Estates v. Palm Beach Plumbing Supply Co., 101 Fla. 205, 133 So. 841.

We are of the opinion that the declaration states a cause of action and that the lower court erred in sustaining the

demurrer to the plaintiff's declaration. It being necessary to declare specially on a guaranty, the common counts will not suffice. The special count framed on the theory that there had been a breach of contract after substantial performance on the part of the plaintiff, and claiming damages, was not subject to demurrer.

The judgment of the Circuit Court affirming the judgment of the Civil Court of Record must be and is hereby quashed, with directions for further proceedings consistent with the view hereinabove expressed.

WHITFIELD, P. J., and CHAPMAN, J., concur.

ELLIS, C. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.