DAVID A. GOODKIND v. FRANK WOLKOWSKY, as Administrator of the Estate of A. Wolkowsky, deceased.

2 So. (2nd) 723
En Banc
Opinion Filed June 6, 1941

*Leonard Epstein* and *Marshall F. Sanders,* for Petitioners;

*Redfearn & Ferrell,* for Respondent.

PER CURIAM.—This case is before the court for the second time. Goodkind v. Wolkowsky, 132 Fla. 63, 180 So. 538. In its first appearance we held that the special count on a written guaranty, framed on the theory that there had been a breach of contract after substantial performance on the part of the plaintiff, and claiming damages, was not subject to demurrer. That record was before the court on a writ of certiorari to review a judgment of the circuit court for Dade County, affirming a judgment of the civil court of record in favor of the defendant, entered upon defendant's demurrer to plaintiff's amended special count on a guaranty on the ground that plaintiff's right to recover must be restricted to a reasonable compensation

for the value of services performed prior to his discharge. Upon the plaintiff's refusal to plead further, judgment for defendant was entered on the pleadings.

The judgment of the circuit court was quashed and the cause remanded for further proceedings consistent with that opinion. A trial was later had in the civil court of record and a verdict rendered in favor of the plaintiff. Defendant moved for a new trial on various grounds, which motion was granted. Plaintiff took writ of error and the circuit court (four of the six judges participating, Judge Ross Williams not participating by reason of disqualification) entered its judgment as follows:

"The contract of employment between the plaintiff and defendant seems to be well established and the discharge of the plaintiff likewise seems to have been well established.

"The cause went to the jury on a question of substantial performance in the sense of complete performance, and tested as of the date of cancellation or discharge of the plaintiff by the defendant.

"Under the charges to the jury it appears that the jury had to find for the plaintiff in the full amount or else for the defendant. Plaintiff was discharged before complete performance. He was entitled to his damages and then comes the question of the measure of damages.

"Damages recoverable by the plaintiff are not necessarily the contract price. Pleadings are to be taken "distributively" according to our statute and the declaration may avail the plaintiff in so far and to the extent that the essential allegations thereof are supported by the evidence. When one breaches a contract he is ordinarily not liable beyond the actual damages

suffered by the breach. In this case the plaintiff was discharged before completion, and in determining the amount of liability there is involved detriment suffered by the discharge, the work already done, the money expended, expenditure of labor and money avoided by reason of the discharge, also any opportunity of application of time to other endeavors in mitigation of damages as well as the benefits received by reason of partial performance. In short, every award of damages should be such actual damages as will be reasonable and just to both the plaintiff and defendant under the facts properly alleged and proven.

"It appears that liability of the defendant has been regularly established by the rendition of the verdict of the jury but that a new trial should be had only as to the amount of damages. Wherefore,

"IT IS ORDERED that the cause stand affirmed as to granting of a new trial in so far as damages are concerned but in all other respects reversed and ordered remanded for trial upon the question of the amount of damages."

Rehearing was denied, with opinion, one of the circuit judges, Judge Stanley Milledge, dissenting.

The cause is now before the court on a writ of certiorari reviewing the judgment rendered in the circuit court. We are of the opinion that the circuit court's opinion and judgment were erroneous, and constituted a departure from the law of the case as established by this Court on the former appeal. The principle established on the first appearance of this case was that the plaintiff was not limited to recovery of reasonable compensation as damages for the breach of the contract of employment as attorney for I. Wol-

kowsky, *et al.,* which the defendant guaranteed, the employment being for a specified purpose and a definite fee, but that if, after substantial performance, he was discharged without fault on his part, he could recover from the administrator of the guarantor defendant the full fee agreed on; that in such cases, the amount recoverable is not limited to the reasonable value of the services performed.

On the former certiorari in this case (See 132 Fla. 63, 180 So. 538), we reviewed the authorities on this question at some length, and then stated our conclusion as follows:

"We are inclined to follow the majority of the courts in holding that the discharge of an attorney, without cause, employed for a specified purpose and for a definite fee, after there has been substantial performance on the part of the attorney, is a breach of the contract for which an action for damages will lie against the client for the fee agreed upon."

The third headnote to our former opinion states the holding of this Court on the main question in the case as follows:

"The discharge without cause of an attorney who has been employed for a specified purpose and for a definite fee after there has been substantial performance by attorney is a breach of the contract for which an action for damages will lie against the client for the fee agreed on, and the amount recoverable is not limited to the reasonable value of the services performed."

In the opinion of the circuit judges, denying the petition for rehearing, Judge Stanley Milledge dissenting, and Judge Ross Williams not participating, the foregoing is referred to as "dictum." This statement was doubtless due to a failure to comprehend

the true meaning of our former opinion. Far from being dictum, it was the holding of the Court on the central question in the case as presented here on the first writ of certiorari, and was firmly established as "the law of the case," which it was the duty of the circuit court to follow and apply.

Writ of certiorari is granted and the judgment of the circuit court is hereby quashed with directions for further proceedings not inconsistent with the views hereinabove expressed.

BROWN, C. J., WHITFIELD, TERRELL, BUFORD, CHAPMAN, THOMAS and ADAMS, J. J., concur.