FRANK WOLKOWSKY, as administrator of the Estate of A. WOLKOWSKY, deceased, v. DAVID A. GOODKIND.

14 So. (2nd) 398
July 2, 1943

June Term, 1943
En Banc

*Redfearn & Ferrell, E. Clyde Vining* and *Ward & Ward,* for petitioner.

*Marshall F. Sanders* and *Leonard Epstein,* for respondent.

ON PETITION FOR REHEARING

PER CURIAM:

This is the fourth appearance of this cause in this Court. The previous history of the case as presented in this Court will be found in Goodkind v. Wilkowsky, 132 Fla. 63, 180 So. 538; Goodkind v. Wolkowsky, 147 Fla. 415, 2 So. (2nd) 723; Goodkind v. Wolkowsky, 151 Fla. 62, 9 So. (2nd) 553. The present petition for certiorari is addressed to the judgment of the Circuit Court of Dade County, sitting as an appellate court, entered on December 29, 1942, which was several months after the last opinion and decision of this Court, as reported in 9 So. (2nd) 553, was handed down. The opinion and judgment of the circuit court now sought to be reviewed reads as follows:

"En Banc

"The above styled cause comes on before this Court upon motion of the appellee to dismiss the writ of error, which motion is hereby overruled and denied.

"Said cause comes on before this Court to be further heard upon the motion of the appellant for the entry of an order on the mandate of the Supreme Court (9 So. 2nd. 553), the Supreme Court having reversed the decision of this Court pursuant to the controlling opinion and having approved the dissenting opinion in the following language reported in 9 So. 2nd (text) 560, towit:

" 'The trial court's order granting a new trial was reversed except as to damages by this Court and the Supreme Court in turn has quashed our judgment.

" 'Our reasons were that we thought the trial court had accepted a statement of the Supreme Court too literally and that the correct law was as set forth in our quashed judgment.

" 'It now appears that such was not the correct law but that the true law was as stated by the Supreme Court initially.

" 'Upon examining the record we find that the trial court tried the cause upon the principle first enunciated by the Supreme Court which we erroneously classed as dicta.

" 'The new trial was granted by judges other than the trial judge; therefore we occupy the position of the judge granting the new trial with no disadvantages of record.

" 'I find no reversible error in the trial proceedings, and that the trial court erred in granting a new trial, and that the order granting a new trial should stand reversed.' and this Court having considered the entire record in said cause and being of the opinion that same should be made the judgment of this Court:

"It Is Therefore Ordered and Adjudged that the order of the trial court granting a new trial be and the same is hereby reversed, and the lower court is hereby directed to enter a judgment on the jury's verdict in favor of the plaintiff pursuant to law."

The petition for certiorari to review this judgment was denied by this Court without opinion.

The only ground of the petition for rehearing which calls for any discussion is the very earnest insistance on the part of counsel for the petitioner that the above quoted judgment of the circuit court was rendered under the misapprehension that this Court in its last opinion 9 So. (2nd) 553, approved and adopted a former dissenting opinion of one of the judges of the circuit court and made it the law of the case in its entirety, and that this Court in denying the present petition for certiorari overlooked the fact that in its last opinion this Court had specifically stated that the first three grounds of

the motion for new trial, addressed to the sufficiency of the evidence, were not passed upon.

It is true that in our former opinion we quoted Judge Barns' dissenting opinion, but our comments showed that it was not approved in its entirety. We think this is clearly shown by the language used in this Court's opinion. In this Court's opinion it was stated: "The first three grounds of the motion for new trial are the usual grounds addressed to the sufficiency of the evidence to sustain the verdict. We cannot on this certiorari proceeding pass on that question. Furthermore, on this transcript, we do not have the evidence before us."

We did review the other grounds of the motion for a new trial, which alleged errors committed by the judge of the civil court of record, and held that no error had been committed by the trial judge in those respects. In that regard we said: "The trial judge evidently attempted, and we think quite successfully, so far as this record discloses, to follow the law as laid down by this Court in the opinion above referred to. (132 Fla. 63, 180 So. 538). The transcript of record presented here in support of the petition for writ of certiorari shows some of the charges given by the trial court." It was these charges which the petition claimed were erroneous. We reviewed the charges and held that no error appeared.

Defendant Wolkowsky had filed a motion for a new trial after verdict and judgment had been rendered in favor of plaintiff Goodkind which motion contained ten grounds. Soon after the trial, the civil court of record judge who tried the case was elevated to the circuit court and the motion for a new trial was, several months later, granted on each and all of the ten grounds. So the judge who tried the case did not have an' opportunity to rule upon the motion for a new trial.

To this order granting a new trial, writ of error was sued out by the plaintiff to the circuit court on July 3, 1940. The circuit court held that the contract of employment and the discharge of the plaintiff before complete performance seemed to have been well established and that plaintiff was

entitled to his damages, "and then comes the question of the measure of damages." The circuit court was of the opinion that the plaintiff was not entitled to recover the fee agreed on in his contract but should only have been allowed to recover on a quantum meruit basis, that is, the reasonable value of his services up to the time of his discharge by the defendant. The Circuit Court's opinion and order concluded thus:

"It appears that liability of the defendant was regularly established by the rendition of the verdict by the jury but that a new trial should be had only as to the amount of damages.

"Wherefore

"It is ordered that the cause stand affirmed as to granting of a new trial insofar as damages are concerned, but in all other respects reversed and ordered remanded for trial upon the question of the amount of damages."

This judgment was quashed on certiorari granted by this Court upon the ground that the measure of damages prescribed by the circuit court in said opinion and judgment was contrary to the holding of this Court on the first certiorari, 132 Fla. 63, 180 So. 538, wherein we held that under a contract of the kind here involved the plaintiff was entitled to recover the full amount of the fee provided for in the contract if he had engaged himself in the substantial performance of the contract up to the time of his discharge without cause, and accordingly held that the declaration stated a good cause of action.

Commenting on this former circuit court decision, in our last opinion in this cause, this Court said: "In its said order the circuit court reversed the order granting a new trial on all the other grounds and in this respect this Court did not hold that the circuit court had erred. So the former order of the circuit court reversing the granting of a new trial on all the other grounds was left to stand, so far as the logic and effect of our opinion was concerned."

Some five months after the mandate went down, three of the circuit judges purporting to act for the court, considered

the case and by a two to one vote, Judge Barns' dissenting, the order of the civil court of record granting a new trial on all grounds stated in the motion was affirmed, a decision conflicting in large part with the former decision of said court sitting en banc and also conflicting with the previous decision of this Court. In our last opinion in the case, we quoted the dissenting opinion of Judge Barns which concluded thus:

"Upon examining the record we feel that the trial court tried the cause upon the principles first enunciated by the Supreme Court which we erroneously classed as dicta. The new trial was granted by judges other than the trial judge; therefore we occupy the position of the judge granting the new trial with no disadvantages of record. I find no reversible error in the trial proceedings, and that the trial court erred in granting a new trial, and that the order granting a new trial should stand reversed."

We made these comments on that opinion: "Judge Barns' opinion is consistent with the former opinion of the circuit court except as to the measure of recoverable damages, on which point, he, in this opinion, follows this Court's ruling." But we made it plain in the following paragraph that this Court was not passing upon these grounds of the motion for a new trial which went to the sufficiency of the evidence. The last stanza of that paragraph reads as follows:

"It necessarily follows that the question properly to be submitted to the jury under this declaration and plea was whether or not the plaintiff had engaged himself in the substantial performance of the contract up to the time of his discharge. It appears from the three charges given by the trial court at the defendant's request (quoted in the earlier portion of this opinion) considered in connection with the quotation of a part of the trial court's charge, complained of as being erroneous in ground 10 of the motion for new trial, this controlling question was fairly presented to the jury by the trial judge, and in so far as the charges are concerned, we agree with Judge Barns that no reversible error is made to appear."

It thus appears that this Court has never attempted to

pass upon the first three grounds of the motion for a new trial which went to the sufficiency of the evidence to sustain the verdict. However, the circuit court has passed on that question twice. Its first holding, when the court was sitting en banc, five judges participating, one judge, Judge Ross Williams, being disqualified, was to the effect that the evidence was sufficient to sustain the verdict in so far as the right of the plaintiff to recover damages was concerned, but that the trial judge has applied an incorrect rule in his instructions to the jury, as to the amount or measure of recoverable damages correctly and that the order of the civil court of record granting a new trial should be reversed and the judgment for damages obtained by the plaintiff should be made final.

Later on in November 1941, three of the circuit judges purporting to act for the court considered the case and by a two to one vote, Judge Barns' dissenting, ordered that the civil court of record's order granting a new trial on all grounds stated in the motion should be affirmed. On certiorari we held that the effect of this decision was to instruct the civil court of record to try the case upon an erroneous conception of the law, pointing out that certain grounds of the motion for new trial attacked certain charges of the trial court as being erroneous, which charges this Court, on certiorari, held to be correct and in line with its previous opinion. The judgment was therefore quashed and on a further consideration of the case the circuit court entered its opinion and judgment which is now before us for review on certiorari and which was quoted at the beginning of this opinion.

While the circuit court's opinion and judgment states that this Court had "approved" Judge Barns' dissenting opinion (which we had done to a large extent and in so far as the record then presented to us would permit), it also says that said circuit court had "considered the entire record in said cause," and were of the opinion that Judge Barns' dissenting opinion should be made the opinion of the court. Then followed the court's judgment in due and regular form. So we cannot say with any degree of certainty that the circuit

court acted under a misapprehension of the plain language of our former opinion and rendered its judgment now under review without considering the entire record and reaching its own independent judgment on the question of the sufficiency of the evidence to sustain the verdict—a question upon which this Court had never expressed any opinion whatever. We are strengthened in this conclusion by our own examination of the present record, which for the first time brings before us the evidence in the case. While there was considerable conflict in the testimony, the fact remains that the evidence introduced by the plaintiff, if believed by the jury, was amply sufficient to sustain their verdicts in plaintiff's favor. And of course the credibility of the witnesses was a matter for the jury to determine. The trial judge was eminently fair and courteous to counsel for both sides of this vigorously contested case and his rulings on the admissibility of the testimony and his instructions to the jury were impartial and free from any reversible error. It was a typical "jury case," and was properly submitted to the jury on the disputed questions of fact. Neither of the civil court of record judges who later granted the motion for new trial on all ten grounds presided at the trial. They could therefore act only upon the same record of the trial which the circuit court had before it when it considered the case and reversed the order granting the motion for new trial, which record, in so far as the evidence is concerned, is now before us for the first time, on this the fourth petition for certiorari in this cause. This record, and the briefs and arguments presented in this Court, show that throughout this protracted litigation the able counsel for the respective parties have been at all times alert, well prepared and diligent to the highest degree, and at no time have they overlooked any point or argument which could possibly have been made in behalf of their respective clients.

A jury's verdict should not be lightly set aside. Our Constitution says that the right of trial by jury must remain inviolate. It has long been well settled in this jurisdiction that where the jury has been properly instructed by the court and the evidence is conflicting, and the case is one in

which a jury of reasonable men could have found the verdict rendered on the evidence submitted to them, a new trial should not be granted. While the legal effect of the evidence is a question of law for the court, the jury is the trier of facts, and conflicts in the evidence are for the jury to decide. The power of the trial court to grant a motion for new trial should be exercised cautiously, and only after a careful consideration of all the evidence in its most favorable aspect to the party in whose favor the verdict was rendered.

On the other hand, an appellate court should likewise act with care and caution and be well advised of its conclusions before reversing an order of the trial judge either denying or granting a new trial—especially the latter—on grounds going to the sufficiency of the evidence. The presumption is in favor of the trial court's action. And this is so as a general rule even though the trial was had before a judge other than the one who ruled upon the motion for new trial, though in such a case the weight to be accorded to his ruling is not so great. See 5 C.J.S. 792 et seq. and cases cited. The reason why the reviewing court accords greater weight to the action taken on a motion for new trial by the judge who tried the case than by one who did not, might very well be supported by the statement in Carney v. Stringfellow, 73 Fla. 700, 706 So. 866, to the effect that "As the trial judge sees the witnesses and hears them testify, and knows all of the circumstances of the case as it is developed at the trial, which matters cannot be presented to the appellate court, he is in a better position to determine the justice of the verdict on the evidence than is the appellate court."

Thus it is apparent that although on appeal there is a presumption of the correctness of the lower court's rulings, yet when a judge who did not try the case acts upon a motion for new trial, he has to rely upon the written record, just as much so as the appellate court which later has his ruling under review, and the latter court, with the same record before it, is in just as good a position to determine the question of the weight and legal effect of the evidence and its sufficiency to sustain the verdict as was the judge of the lower court who granted or denied the motion, and if the ap-

pellate court reaches the conclusion from the record that the action taken was clearly erroneous, a judgment of reversal is justified.

The review in this Court on certiorari addressed to a judgment of the circuit court rendered in the exercise of its powers as an appellate court is limited by the scope of the common law writ. The scope of review is much narrower than on appeals. We have held that on review by certiorari, the general rule is that the sufficiency of the evidence or the weight and probative force of conflicting testimony will not be considered. If, however, there is an entire absence of essential evidence with resulting injury this amounts to a departure from the essential requirements of the law, and this Court will consider it and take appropriate action. Haile v. Bullock, 83 Fla. 538, 91 So. 683. On certiorari to the circuit court sitting as an appellate court, before this Court can consider the sufficiency of the evidence, it must appear that the circuit court applied and enforced a wrong rule of law in reviewing the case on the evidence, and also applied such wrong rule to its appellate action thereon, and the question of the legal sufficiency of the evidence to warrant the particular judgment must have been appropriately raised and presented to the circuit court as ground for reversal. Mutual Life Ins. Co. v. Johnson, 122 Fla. 567, 166 So. 442. See also American Ry. Express Co. v. Weatherford, 86 Fla. 826, 98 So. 820; Brinson v. Tharin, 99 Fla. 696, 127 So. 313; Hamway v. Seaboard Air Line Ry. Co., 101 Fla. 1483, 136 So. 628; American Ry. Express Co. v. Feganbush, 107 Fla. 145, 144 So. 320; City of Jacksonville Beach v. Waybright, 130 Fla. 525, 178 So. 401; Farnham v. Caldwell, 141 Fla. 416, 193 So. 286.

In the light of these principles, we are convinced that our former ruling was correct.

Petition for rehearing denied and order denying petition for certiorari adhered to.

BUFORD, C. J., BROWN, CHAPMAN and THOMAS, JJ., concur.

ADAMS and SEBRING, JJ., concur in conclusion.

TERRELL, J., dissents.