122 So.2d 235 (1960)
Fred H. WOHLFIEL, Appellant,
v.
Dewey T. MORRIS, Appellee.
No. 1384.
District Court of Appeal of Florida. Second District.
July 15, 1960.
David J. Kadyk of Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellant.
Richard C. Davis, Clearwater, for appellee.
SHANNON, Judge.
This is basically an appeal from an order of the lower court granting an additur to the verdict, or, in the alternative, granting a new trial to plaintiff.
The defendant's automobile stopped at an intersection and protruded into the pedestrian's lane. In backing up to clear the cross-walk, the defendant came into contact with the plaintiff's automobile, immediately behind him. The plaintiff brought suit for personal injuries alleged to have been sustained by him as a proximate result of the negligence of the defendant. The defendant answered the complaint denying negligence and also denying that the plaintiff had sustained any injuries and damages as a result of the accident.
*236 After two days of testimony, the trial judge directed a verdict on the question of liability for the plaintiff, and instructed the jury to decide only the question of whether the injuries and damages had resulted from defendant's negligence, or whether they pre-existed the accident, and the extent thereof. The jury was given only one form of verdict and that was a finding for the plaintiff. After deliberating, the jury returned a verdict for plaintiff of "nil" dollars. The trial court refused to accept this verdict and sent the jury back. Subsequently the jury returned a verdict for $835, the exact amount of the plaintiff's medical bills. The plaintiff moved for a new trial an the issue of damages only, alleging that this verdict was grossly inadequate. The defendant filed a motion to reinstate the first verdict or correct the second verdict and amend the judgment thereon.
On the morning that these motions were to be argued, the trial judge became seriously ill. The arguments were therefore heard by a successor judge, another circuit judge of the same circuit, who entered an order denying the motion to reinstate the first verdict or correct the second verdict and granting the plaintiff an additur of $2,000, or in the alternative, a new trial on the question of damages. The defendant did not pay the additur within the time prescribed, but instead brought this appeal. In the order the successor judge has noted that the record of the case had not been prepared and it therefore was not considered by him in his ruling on these motions.
The defendant has posed two points to this court; namely, (1) did the successor judge abuse his discretion in this case by finding the verdict of the jury inadequate and by ordering an additur, or alternatively, a new trial; and (2) did the trial court commit error by refusing to accept the jury's first verdict of "nil" dollars. We shall consider these questions in inverse order.
At the outset, we note that this is an appeal from the granting of a motion for new trial. As such, it is not an appeal of the case as a whole and by Fla. Stat. § 59.07(4), F.S.A., this court is limited to considering the case only as far as this motion is concerned, and the grounds assigned by the court below for granting it. The successor judge granted the motion on the grounds that the jury must have based their verdict upon prejudice or sympathy. The verdict which was accepted and entered was the second one, assessing the plaintiff's damages at $835, and it was from this that a new trial was granted. It is a well established rule of law, which we see no reason to disturb, that when a jury is sent back, the first verdict that they return is a nullity, and the second verdict that they return is the one to be considered. See 89 C.J.S. Trial § 512, pp. 194, 195.
We now come to the question encompassed by point one. The authority for a successor judge to replace a judge who is disabled by illness is found in the Florida Appellate Rules, Rule 2.1, subd. a(4) (c), 31 F.S.A., enabling the successor "to perform the duties" of his predecessor. In addition, Florida Statutes § 26.19, F.S.A., provides that no change of judge shall abate, quash, set aside, reverse, qualify, dismiss, defeat or hold in error any judicial proceeding. This rule and this statute clearly indicate that our circuit courts sit without personality, and not as the alter ego of an individual judge. Thus, it would seem that in judicial circuits having more than one circuit judge, it makes little difference which circuit judge actually rules on a motion so long as he follows the applicable rule of law.
There is authority from some jurisdictions to the effect that when a trial judge is incapacitated and cannot consider a pending motion, then it is mandatory upon his successor in office to grant a new trial. However, Florida, in line with the majority of other states, holds to the contrary. *237 Wolkowsky v. Goodkind, 1943, 153 Fla. 267, 14 So.2d 398. It is apparent from the opinion in the Wolkowsky case that our Supreme Court does not consider a successor judge bound to grant a new trial, but that he has the power to do so if a study of the record of the proceedings before his predecessor reveals that the evidence is insufficient to support the verdict.
In the instant case the jury returned a verdict of $835, the identical amount of the plaintiff's medical bills. However, the jury was correctly instructed and we see a clear distinction between this case and a case wherein the defendant does not contest the elements of damage claimed. The successor judge presiding at the hearing on the motions did not have the record and could not have known whether or not the jury based their opinion upon prejudice or sympathy, as he stated in his order. We find, also, that the additur provision was error, being unsupported in our law. Sarvis v. Folsom, Fla.App. 1959, 114 So.2d 490.
The presumption of correctness in the lower court is not as great in the case before us as it ordinarily is, the judge not having read the testimony and not having presided at the trial. In Wolkowsky v. Goodkind, supra, the Supreme Court said [153 Fla. 267, 14 So.2d 398]:
"A jury's verdict should not be lightly set aside. Our constitution says that the right of trial by jury must remain inviolate. It has long been well settled in this jurisdiction that where the jury has been properly instructed by the Court and the evidence is conflicting, and the case is one in which a jury of reasonable men could have found the verdict rendered on the evidence submitted to them, a new trial should not be granted. While the legal effect of the evidence is a question of law for the court, the jury is the trier of the facts, and conflicts in the evidence are for the jury to decide. The power of the trial court to grant a motion for new trial should be exercised cautiously, and only after a careful consideration of all the evidence in its most favorable aspect to the party in whose favor the verdict was rendered.
"* * * The presumption is in favor of the trial Court's action. And this is so as a general rule even though the trial was had before a judge other than the one who ruled upon the motion for new trial, though in such a case the weight to be accorded to his ruling is not so great. See 5a C.J.S. Appeal and Error, § 1673, p. [656 et seq.] 792 et seq. and cases cited. * * *."
We therefore conclude that the order below granting an additur, or in the alternative a new trial, was error and that the second verdict of the jury should stand.
Reversed.
KANNER, Acting Chief Judge, and WARREN, LAMAR, Associate Judge, concur.