HOBSON, Justice.
We heretofore noted probable jurisdiction of the instant cause on the basis of an apparent conflict between the decision of the district court of appeal in this case reported as Chaachou v. Chaachou, Fla.App., 122 So.2d 24, and the decision of this court in Carey v. Town of Gulfport, 140 Fla. 40, 191 So. 45, 46.
The facts and issues are adequately set out in the opinion of the district court. Having now considered the case on the record and on oral argument, we find that the district court, 122 So.2d on page 27, footnote 3, was correct in ascribing to the Carey case the rule that payment (as distinguished from merely securing payment) of the fee of an attorney retiring from a pending case is necessary as a condition precedent to substitution only when the amount of the fee has been fixed by contract, and there is no dispute as to the right of the attorney to receive a definite portion of the fee which is due and unpaid.
There is, however, an apparent source of confusion in the Carey case. In that case it appeared that the attorneys, Carey and Harrison, were employed by the Town of Gulfport to foreclose certain tax liens and public improvement certificates in return for an agreed fee of $450. After the commencement of such proceedings, Carey and Harrison were notified by the Town of Gulfport that their services were no longer required and that they should desist from further participation in the proceedings. The town retained another attorney who filed a petition for an order of substitution of counsel. Carey and Harrison filed their answer thereto, alleging that there was no reason or justification for their dismissal and that they were ready, willing and able to carry the litigation through to its completion. It was prayed that the payment of their compensation be made a condition precedent to entry of the order allowing substitution of counsel. The chancellor refused to require payment as a condition to substitution. On appeal, *886 this court reversed and remanded the cause “with directions to the court below to ascertain the amount due counsel under his contract and require same to be paid as a condition precedent to substitution” (Italics supplied). The italicized portion of the language quoted is subject to the inference, which the District Court apparently drew, that the chancellor in the Carey case had the duty on remand of determining what portion of the contracted fee of $450 the attorneys .retiring from the case had earned prior to the entry of the order of substitution. Such a determination would, of course, require the trial court to attach a reasonable value to the services rendered.
A careful review of the Carey case leads us to the conclusion that the directions to the chancellor heretofore quoted did not contemplate that the trial court should apportion the contract fee according to the value of the services rendered up to the date of substitution, but that it was intended that the trial court should require payment of the full contract fee, less any amounts already paid under the contract.
At the time of the decision in the Carey case, it was settled law that “the discharge of an attorney, without cause, employed for a specified purpose and for a definite fee, after there has been substantial performance on the part of the attorney, is a breach of the contract for which an action for damages will lie against the client for the fee agreed upon”. (Italics supplied) Good-kind v. Wolkowsky, 132 Fla. 63, 180 So. 538, 543. This principle was reiterated in a subsequent appearance of the same case at 147 Fla. 415, 2 So.2d 723, wherein it was clearly pointed out that an attorney in such circumstances is not limited to. recovery of a reasonable value of the services performed prior to his discharge.
In light of this rule, which we must assume this court had in mind when it rendered the decision in Carey v. Town of Gulfport, supra, the attorneys in the latter case were entitled to the full fee agreed upon, less any amounts already paid under the contract. The chancellor was required to make no determination as to the amount of the fee contracted for, which was undisputed. Therein lies the clear distinction between the Carey case and the instant case, wherein the fee agreed upon was for reasonable compensation and the amount thereof is in dispute.
It follows that the apparent conflict upon which we based our probable jurisdiction does not in fact exist, and that the writ of certiorari heretofore issued should be and it hereby is quashed.
It is so ordered.
THOMAS, C. J., and TERRELL, ROBERTS, DREW, THORNAL and O’CON-NELL, JJ., concur.