PER CURIAM.
This cause was considered on the motion of J. B. Rodgers, Jr. to enter on the record his appearance as attorney of record for the City of Winter Garden in the above entitled cause and the motion of Edward J. Hanlon, Jr., the original attorney of record in this cause, to require the appellee City of Winter Garden, Florida to pay attorney’s fees or post bond therefor before this cause be allowed to proceed, said motion of Edward J. Hanlon, Jr. being considered as his response to the motion of the said J. B. Rodgers, Jr. aforesaid, whereupon, it is
1. ORDERED that the motion of J. B. Rodgers, Jr. be and the same is hereby granted and the Clerk of this Court is hereby directed to note on the record of these proceedings the appearance of the said J. B. Rodgers, Jr., of the firm of Rodgers and Kirkland, 227 North Magnolia Avenue, Orlando, Florida, as the attorney of record herein for the City of Winter Garden, appellee.
2. It appearing that the question of liability for an attorney’s fee and the amount thereof to the said Edward J. Hanlon, Jr. being in dispute, the motion to require the City of Winter Garden, Florida to pay such fee is hereby denied. See Chaachou v. Chaachou, Fla.App., 122 So.2d 24. Certiorari denied by this Court in Cypen, Salmon & Cypen v. Chaachou, Fla., 130 So.2d 885.
3. The motion of Edward J. Planlon, Jr. to require the City of Winter Garden to post a bond conditioned to pay such attorney’s fees upon the same being awarded is denied, because of the provisions of F.S. Section 64.04, F.S.A.1961 to the effect that no municipal corporation shall be required .to furnish any surety upon any judicial bond or order of a court in any legal proceeding in which it may be a party and the view of this Court that a bond without *45 surety would serve no useful purpose in this cause.
4. Nothing in this order shall be in any way deemed to affect the right of any of the attorneys appearing of record in this cause to maintain an appropriate action against the City of Winter Garden for the recovery of any fees which may be lawfully due them. See Chaachou v. Chaachou and Cypen, Salmon & Cypen v. Chaachou, supra.
It is so ordered.
ROBERTS, C. J., and TERRELL, DREW, THORNAL and O’CONNELL, JJ., concur.