161 So.2d 673 (1964)
Joseph ROSENKRANTZ, Appellant,
v.
Carrie Lee HALL, Janet Brenner Nasher, Walter Franklin Eberhardt and Saul T. Von Zamft, Appellees.
No. 62-766.
District Court of Appeal of Florida. Third District.
March 3, 1964.
Rehearing Denied March 31, 1964.
Theodore M. Trushin, Miami Beach, for appellant.
Saul T. Von Zamft, Miami, and Theodore Fisher, Coral Gables, for appellees Hall and Von Zamft.
Dixon, DeJarnette, Bradford, Williams, McKay & Kimbrell, Miami, for appellee Nasher.
Walton, Lantaff, Schroeder, Atkins, Carson & Wahl, Miami, for appellee Eberhardt.
Before CARROLL, HORTON and HENDRY, JJ.
HORTON, Judge.
Appellant, an attorney for the plaintiff in a negligence action below, seeks to review *674 an order awarding him and his co-counsel the sum of $194.40 as costs expended, but denying them recovery for services rendered.
The appellant was employed by the appellee Carrie Lee Hall to represent her in a personal injury action arising out of an automobile accident. The appellant handled the case up to and including filing of the suit and notice of trial. Subsequently the appellant retained the firm of Frates and Fay as co-counsel to assist in trying the cause. Thereafter Carrie Lee Hall discharged the appellant[1] whereupon the appellant filed a "motion to withdraw and petition for lien for attorneys' fees." The trial court entered an order[2] granting the motion to withdraw and adjudicated that the appellant and his co-counsel had a charging lien on any judgment Carrie Lee Hall obtained in the negligence action or any settlement she might effect. Carrie Lee Hall thereupon settled her claim with one of the defendants for $2,000; her suit against the other defendant resulted in a verdict being directed against her at trial. After the trial, the appellant and co-counsel moved the court to determine the amount of their fee pursuant to the charging lien. The trial court, apparently without hearing testimony in this regard, entered the order appealed which awarded costs only in the amount of $194.40.
The sole question presented by this appeal is stated thusly by the appellant: "Whether or not the appellant, as original attorney for the plaintiff in this cause, is entitled to a fee, in addition to reimbursement of costs from the plaintiff?"
The appellant, in seeking to demonstrate reversible error, relies in large part upon certain well-established principles set forth in 3 Fla.Jur., Attorneys at Law, § 57, et seq. He also relies upon the case of Goodkind v. Wolkowsky, 132 Fla. 63, 180 So. 538, wherein our Supreme Court held that an attorney who was employed for a specific purpose and for a definite fee, and who was discharged without cause after there had been substantial performance was entitled to recover the fee agreed upon. However, any attempt to apply this general principle of law to the circumstances here would require this court to assume facts not apparent in the record. The record fails to disclose the nature of the appellant's discharge, whether it was with or without cause, and therefore we would be unable to determine whether the principle announced above would be applicable. There is no doubt that the order granted the appellant and his co-counsel a charging lien for their services as well as costs and other expenses, and this, in itself, establishes the right to a fee. The amount of the fee and the principle to be applied of course cannot be determined where the record is devoid of any showing as to the nature of the discharge. Since the appellant and has co-counsel *675 are obviously entitled to a fee under their charging lien, which was adjudicated by the court and never modified or reversed, we conclude that the trial judge was in error in awarding only costs to appellant.
Accordingly, the order appealed is reversed, and the cause is remanded for the taking of testimony and other evidence if the trial judge so desires to determine the amount of the fee to which the appellant would be entitled under the principles of the Goodkind case, supra.
Reversed and remanded with directions.
NOTES
[1] The record is silent as to the cause for discharge.
[2] "THIS CAUSE having come on to be heard upon the Motion of FRATES & FAY and JOSEPH ROSENKRANTZ, as counsel of record for the plaintiff, to withdraw as counsel of record for the plaintiff and upon the Petition of aforesaid counsel of record for the plaintiff for a lien for attorneys' fees and costs;

"IT IS HEREBY ORDERED that the Motion to Withdraw as counsel of record made by Frates & Fay and Joseph Rosenkrantz is hereby granted;
"IT IS FURTHER ORDERED AND ADJUDGED THAT the aforesaid counsel of record, Frates & Fay and Joseph Rosenkrantz, shall have a charging lien on any judgment obtained for the plaintiff in this cause in the Trial Court and on any monies or amounts which may be paid thereon or received in settlement or compromise in regard to the claim of CARRIE LEE HALL; and the newly appearing counsel of record SAUL VON ZAMFT, is required to preserve and protect for Frates & Fay and Joseph Rosenkrantz their charging lien on any such proceed for such amounts as may finally be determined to be payable to Frates & Fay and Joseph Rosenkrantz for services rendered, costs, expenses and other items in the premises.
"DATED this the 5th day of January, 1962, at Miami, Florida."