688 So.2d 412 (1997)
John FREDERICK, Appellant,
v.
UNITED AIRLINES and Alexsis, Inc., Appellees.
No. 96-1465.
District Court of Appeal of Florida, First District.
February 14, 1997.
*413 Renee R. Pelzman, of Pelzman & Ruska, South Miami, for Appellant.
Robert L. Teitler and Robert J. Strunin, of Walton Lantaff Schroeder & Carson, Miami, for Appellees.
BARFIELD, Chief Judge.
In this appeal of a workers' compensation order denying claims for additional medical and indemnity benefits, the claimant contends that the record does not support the findings of the Judge of Compensation Claims (JCC) that the claimant lacked credibility. He also argues that the JCC failed to give a reasonable explanation for his rejection of the expert medical testimony the claimant presented in favor of the medical records of other physicians who were not headache specialists, and that the JCC misinterpreted his expert's testimony. He asserts that this court is in as good a position as the JCC to interpret the medical testimony, citing McCabe v. Bechtel Power Corp., 510 So.2d 1056 (Fla. 1st DCA 1987). We affirm.
Having reviewed the entire record, we find that competent substantial evidence supports the JCC's factual findings and that the claimant has not demonstrated that the JCC abused his discretion in ruling on the weight or credibility of any of the evidence. Although there appears to be case law support for the proposition that where none of the medical evidence is presented by live testimony, this court is in as good a position as the JCC to interpret and weigh it, it should be noted that this rule of law arose in an entirely different context, in appeals from chancellors' decisions ruling on factual findings by special masters. These early Florida Supreme Court opinions indicate that the appellate court was not intended to usurp the factfinding prerogative of the lower tribunal, except where its factual determination was "clearly erroneous," i.e., not supported by competent substantial evidence. See West Shore Restaurant Corp. v. Turk, 101 So.2d 123 (Fla.1958); Harmon v. Harmon, 40 So.2d 209 (Fla.1949); Wolkowsky v. Goodkind, 153 Fla. 267, 14 So.2d 398 (1943). In Conklin v. Pruitt, 182 So.2d 644 (Fla. 1st DCA), cert. denied, 188 So.2d 821 (Fla.1966), this court emphasized that its proper appellate function does not include the factfinding function of the lower tribunal. More recently, this court has repeatedly reaffirmed its proper appellate role in such circumstances. In Florida Mining and Materials v. Mobley, 649 So.2d 934 (Fla. 1st DCA 1995), the court rejected the suggestion that it undertake an independent review of the medical evidence presented by deposition in a workers' compensation case:
... [T]he case may not be retried on appeal, and a ruling which is supported by competent substantial evidence will be upheld even though there may be some persuasive evidence to the contrary. Swanigan v. Dobbs House, 442 So.2d 1026 (Fla. 1st DCA 1983); Gomez v. Jack Steinberg Neckwear, 424 So.2d 106 (Fla. 1st DCA 1982); see also GTE v. Miller, 642 So.2d 1188 (Fla. 1st DCA 1994). The resolution of such conflicts is within the fact-finding authority of the judge of compensation claims. Jefferson Stores v. Rosenfeld, 386 So.2d 865 (Fla. 1st DCA 1980).
See also Pruett-Sharpe Construction v. Hayden, 654 So.2d 241 (Fla. 1st DCA 1995); *414 Johnson v. Martin Paving, 659 So.2d 347 (Fla. 1st DCA 1995); Wilson v. School Board of Palm Beach County, 660 So.2d 407 (Fla. 1st DCA 1995).
As we recently noted in Cumberland Farms, Inc. v. Manning, 685 So.2d 64 (Fla. 1st DCA 1996), the standard of review for factual determinations in workers' compensation cases is whether competent substantial evidence supports the JCC's finding, not whether the record contains evidence which could be interpreted to support the arguments rejected by the JCC. Attorneys handling workers' compensation cases who do not present their appellate arguments in the context of this standard of review fail in their obligations to their clients and to this court, and risk the imposition of sanctions.
The order in this case is AFFIRMED.
BENTON, J., concurs.
ERVIN, J., concurs in result.