929 So.2d 38 (2006)
Scot R. PETERSON, Appellant,
v.
Rosemarie PETERSON, Appellee.
No. 4D05-1359.
District Court of Appeal of Florida, Fourth District.
April 19, 2006.
Rehearing Denied June 6, 2006.
*39 Scot R. Peterson, Margate, pro se.
No appearance for appellee.
FARMER, J.
This is the third appeal in this dissolution of marriage case concerning the award of permanent alimony. Peterson v. Peterson, 818 So.2d 683 (Fla. 4th DCA 2002); Peterson v. Peterson, 882 So.2d 528 (Fla. 4th DCA 2004). This appeal is from a successor judge's attempt to comply with our directive for more specific findings relating to the alimony issue.
From the husband's net monthly income of $3,663, the court has awarded monthly child support of $1,572 and permanent alimony of $1,000. This amounts to more than 70% of his disposable income. Both are in their late thirties. She testified as to a goal of receiving a bachelor's degree in education within 5 years.
In this case, the broad discretion rule of Canakaris is somewhat mitigated by the circumstance that we as appellate judges are in nearly as good of a position to assess the issue as the successor judge found himself. See Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla.1980). We find the award an abuse of discretion, at least in the sense that all of the alimony is deemed permanent and none of it rehabilitative. Given the relative youth of the parties and the fact that this is a "gray area" case for alimony purposes (14 year marriage), we do not think the record supports the decision to make all of the alimony permanent. While we pay our required deference by leaving the total amount undisturbed, we reverse the designation of monthly alimony as all permanent and remand with instructions to make $500 of it rehabilitative.
POLEN and TAYLOR, JJ., concur.