ON PETITION FOR REHEARING
PER CURIAM.
A petition for writ of certiorari has been filed by plaintiffs’ counsel of record seeking review of an order of the trial court denying their motion to withdraw as counsel. We initially denied the petition and the matter is now being considered on motion for rehearing.
The pertinent factual background presented is that Walter Hollis suffered injuries in an accident in October 1981. He and his wife retained the legal services of Paul Duffy, Esquire, who in February 1982 associated the firm of Cone, Wagner, Nu-gent, Johnson, Hazouri & Roth to handle the ease. Thereafter, Edward Ricci, Esquire, in the Cone, Wagner firm, had the primary responsibility for handling the Hollis case. In September 1982 Ricci withdrew from the Cone, Wagner firm, formed a partnership with Gary Roberts, Esquire, and continued to handle the Hollis file under a contract arrangement with Cone, Wagner.
Ricci and Roberts filed the Hollis suit in December 1982, moved to set the case for trial in April 1983, and the court set a trial date for December 1983. However, in September 1983 Ricci and Roberts moved for a continuance, which was granted. In September 1984 Ricci and Roberts again moved to set the case for trial and. it was reset for May 6, 1985. Thereafter, in February 1985 the trial date was again reset for the following June. In the meantime, differences apparently arose between Ricci and Roberts and Cone, Wagner resulting in Ricci’s writing to Duffy, the forwarding lawyer, advising him that Ricci was overloaded and not receiving any assistance in the case. Considering the unsatisfactory fee arrangement, Ricci suggested that either Cone, Wagner withdraw from participation in the fee or he would withdraw as counsel. On May 30 Ricci obtained a continuance of the June trial date and apparently a new date of July 25 was set. However, through inadvertence, the judge’s office did not notify counsel of the new date and thus the case could not be tried then.
A motion to withdraw was filed by Ricci and Roberts on July 17, 1985. At the hearing on said motion, on July 24, 1985, Ricci candidly testified that it was simply a matter of economics with him. He believed the fee arrangement inadequate for the effort required of him in a complex products liability case and he simply did not want to participate in the case any further. He contended that he had asked Cone, Wagner to participate in the preparation of the case and they refused. Cone, Wagner claimed they offered to assist in the case and would prepare and present the damages aspect of the case. Ricci and Roberts’ position is that Ricci had an absolute right to withdraw because the case was a civil one and a trial date was not pending, so there would be no adverse effect upon the orderly functioning of the trial court. Upon denial of the motion to withdraw, counsel filed this petition for writ of certiorari.
Ricci and Roberts, the real petitioners in interest here, contend the trial court departed from the essential requirements of *570 law in denying their motion to withdraw. Relying primarily upon the case of Fisher v. State, 248 So.2d 479 (Pla.1971), petitioners argue that “where a case had not been scheduled for trial and there remained ample time for the clients to procure new counsel to handle the case, the attorney of record had an absolute right to withdraw.” Unquestionably, support for this statement can be found in Fisher. The court, in fact, stated:
We hold that in a civil case any attorney of record has the right to terminate the attorney-client relationship and to withdraw as an attorney of record upon due notice to his client and approval by the court. Approval by the court should be rarely withheld and then only upon a determination that to grant said request would interfere with the efficient and proper functioning of the court. The approval of the court of such withdrawal will not relieve the attorney of any civil liability for breach of duty or negligence to his client nor from appropriate disciplinary procedures for such act, if it is wrongfully done.
248 So.2d at 486. However, there are differences between the Fisher case and the one at bar, which we believe justify the trial judge in exercising his discretion as he did. Perhaps the most glaring dissimilarity is that the Fisher case had never been set for trial, whereas, this case had been set for trial twice and continued, and the trial judge had intended setting it a third time but failed to notify counsel thereof. Furthermore, in Fisher counsel contended there was a conflict of interest between him and the clients, whereas, here the reason for withdrawal is a fee dispute between some of the lawyers handling the case. The accident in the present case, which destroyed one of Hollis’s hands, happened over four years ago. The theory of recovery is products liability, which is generally not considered routine litigation.
No doubt the conflict between the lawyers would not alone justify the court in withholding its approval of counsel’s withdrawal. However, in this case, it appears to us the trial judge’s concern over the age of the case, the several continuances, and the probability that requiring new counsel would simply exacerbate the delay, ade-= quately supports his ruling.
Accordingly, we hold that petitioners have failed to demonstrate a departure from the essential requirements of law; thus the petition for rehearing is denied.
DOWNEY, ANSTEAD and WALDEN, JJ., concur.