498 So.2d 453 (1986)
PREDDY, KUTNER, HARDY, RUBINOFF, BROWN & THOMPSON, Petitioner,
v.
William KLEINSCHMIDT, Respondent.
No. 86-1444.
District Court of Appeal of Florida, Third District.
July 29, 1986.
Preddy, Kutner, Hardy, Rubinoff, Brown & Thompson and G. William Bissett, Miami, for petitioner.
William Kleinschmidt, in pro. per.
Before HENDRY, HUBBART and NESBITT, JJ.
PER CURIAM.
This is an original petition for a writ of certiorari seeking review of an order entered below denying a motion to withdraw as counsel filed by the petitioner herein, Preddy, Kutner, Hardy, Rubinoff, Brown and Thompson. The respondent in this proceeding is William Kleinschmidt, the petitioner's client, who opposed the motion to withdraw below and opposes now the instant petition for a writ of certiorari.
The basis for petitioner's motion to withdraw as counsel was a series of irreconcilable conflicts which developed between the respondent and the petitioner law firm, including the lawyer assigned by the firm to handle the respondent's case, as to how the case should be handled. It appears without material dispute that the respondent became extremely dissatisfied with the way his case was being handled and demanded that the petitioner reassign the case to another attorney in the firm. The petitioner law firm stood by the representation being afforded by the lawyer assigned to the case, declined to reassign the matter to another lawyer in the firm, and moved to withdraw as counsel. The trial court denied the motion, although it is clear from this record that such withdrawal would not have substantially delayed the cause or otherwise interfered with efficient and proper functioning of the court.
We conclude that the trial court departed from the essential requirements of law in denying the subject motion to withdraw based on the authority of Fisher v. State, 248 So.2d 479, 486 (Fla. 1971), which states the controlling law as follows:

*454 "We hold that in a civil case any attorney of record has the right to terminate the attorney-client relationship and to withdraw as an attorney of record upon due notice to his client and approval by the court. Approval by the court should be rarely withheld and then only upon a determination that to grant said request would interfere with the efficient and proper functioning of the court. The approval of the court of such withdrawal will not relieve the attorney of any civil liability for breach of duty or negligence to his client nor from appropriate disciplinary procedures for such act, if it is wrongfully done."
Plainly, the petitioner had a right to terminate the attorney-client relationship under the circumstances of this case, subject to subsequent court approval. That approval was wrongfully withheld below, as the subject withdrawal would not have substantially delayed the cause or interfered with the efficient and proper functioning of the court.
The petition for a writ of certiorari is granted, the order under review is quashed, and the cause is remanded to the trial court with directions to grant the petitioner's motion to withdraw as counsel. The prior stay order entered by this court is also vacated.
Certiorari granted.