642 So.2d 821 (1994)
BECKER & POLIAKOFF, Petitioner,
v.
William KING, Clare King and Nettles Island, Inc., Respondents.
No. 94-1562.
District Court of Appeal of Florida, Fourth District.
September 21, 1994.
*822 Keith F. Backer of Becker & Poliakoff, P.A., West Palm Beach, for petitioner.
William King and Clare King, pro se respondents.
KLEIN, Judge.
The trial court denied petitioner law firm's motion to withdraw as counsel, and the law firm seeks review by certiorari. We grant the writ.
The Kings retained the law firm to defend them in a suit brought against them by their condominium association. Subsequently, the law firm moved to withdraw on the grounds that their clients were not communicating with them and were not paying them. At the hearing on the motion to withdraw the trial court directed the law firm to discuss the problem with the clients, but ultimately denied the motion to withdraw. The law firm attempted to schedule a meeting with the clients, but the clients advised that they would not attend the meeting nor pay the firm's statement for services rendered.
The law firm filed this petition for certiorari from the order denying its motion to withdraw. We have jurisdiction. Hollis v. F.B. Myers & Bro. Co., 482 So.2d 568 (Fla. 4th DCA 1986) and Preddy, Kutner, Hardy, Rubinoff, Brown & Thompson v. Kleinschmidt, 498 So.2d 453 (Fla. 3d DCA 1986).
In Fisher v. State, 248 So.2d 479, 486 (Fla. 1971), our supreme court stated:
We hold that in a civil case any attorney of record has the right to terminate the attorney-client relationship and to withdraw as an attorney of record upon due notice to his client and approval by the court. Approval by the court should be rarely withheld and then only upon a determination that to grant said request would interfere with the efficient and proper functioning of the court. The approval of the court of such withdrawal will not relieve the attorney of any civil liability for breach of duty or negligence to his client nor from appropriate disciplinary procedure for such act, if it is wrongfully done.
Although in Hollis this court held that a trial court did not err in denying a motion to withdraw as counsel, the circumstances in that case were entirely different. In Hollis the counsel who was seeking to withdraw had been representing plaintiffs under a contingent fee agreement while he was employed by a law firm. After counsel had withdrawn from the firm and taken the case with him, counsel moved to withdraw, on the grounds that it was no longer economically feasible for him to continue with the case if he had to share the fee with his former firm. In addition, the case had been set for trial several times. The trial court denied the motion to withdraw because the court was concerned about the age of the case, prior continuances and further delay. This court held that the law firm had failed to demonstrate a departure from the essential requirements of law, which was consistent with Fisher because the Fisher court said withdrawal could be denied if it would "interfere with the efficient and proper functioning of the court". Id. at 486.
The present case is distinguishable from Hollis in several respects. The present case had never been set for trial. Moreover, the clients in the present case were defendants and, not surprisingly, were not complaining that the withdrawal would cause a delay. Furthermore, they were not on a contingent fee, but rather, were not paying the law firm as they had obligated themselves to do, and were not cooperating with the firm.
We conclude that under Fisher the denial of the law firm's motion to withdraw was a departure from the essential requirements of law and we thus grant certiorari. The order under review is quashed, and the cause is remanded to the trial court with directions to grant petitioner's motion to withdraw as counsel.
STONE and STEVENSON, JJ., concur.