# Third District Court of Appeal

## State of Florida

Opinion filed June 17, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-1992
Lower Tribunal No. 13-36250
_____

## The Residences at the Bath Club, etc., et al.,
Appellants,

vs.

## Bath Club Entertainment, LLC,
Appellee.


Appeal from the Circuit Court for Miami-Dade County, Rosa I. Rodriguez, Judge.

Legon Fodiman, P.A., and Todd R. Legon and William F. Rhodes, for appellants.

Shubin & Bass, P.A., and John K. Shubin, Juan J. Farach, and Lauren G. Brunswick, for appellee.


Before ROTHENBERG, SALTER and SCALES, JJ.

SCALES, J.

The Residences at the Bath Club Condominium Association, Inc. ("Condominium Association"), and the Residences at the Bath Club Maintenance Association, Inc. ("MXA") (collectively referred to as "Appellants") appeal the trial court's order denying their Motion to Enforce Arbitration Award ("Motion to Enforce") and compelling arbitration of two claims raised in Appellants' Motion to Enforce.

Because certain determinations in the trial court's order denying Appellants' Motion to Enforce are not consistent with the parties' Arbitration Award, or are unsupported by competent substantial evidence, we reverse those portions of the order. We affirm that part of the order that compelled arbitration of one of the "new" claims raised in Appellants' Motion to Enforce, i.e., Appellant's claim that Bath Club Entertainment, LLC (the "Developer") is required to provide indoor dining amenities to Appellants.

## I.    FACTS

In 2010, the Developer and Appellants (two associations representing unit owners of condominiums that the Developer constructed) entered into a Settlement Agreement to conclude over three years of litigation involving the parties' respective rights and responsibilities related to the Bath Club Property ("Bath Club" or "the Property") located on Collins Avenue in Miami Beach. The

2

Settlement Agreement incorporated several collateral governing documents related to the Property.

Pursuant to the terms of the parties' Settlement Agreement, all future disputes between the parties related to the agreement were subject to arbitration.

Shortly after the parties executed the Settlement Agreement, the Developer initiated arbitration proceedings against Appellants, essentially seeking declarations as to the parties' rights and obligations under the Settlement Agreement and its incorporated documents.

Appellants filed a multiple-count counterclaim in the arbitration proceeding. Only one of the Developer's claims, and only two counts of Appellants' counterclaim, are relevant to this appeal: (i) the Developer's claim challenging the enforceability of Rule 2a of the Amended Rules and Regulations promulgated by MXA (requiring the Developer, when conducting special events on the Property, to provide Appellants with proof of insurance); (ii) Count IV of Appellants' counterclaim, in which the Appellants sought to compel the Developer to comply with a governing document provision requiring the Developer to provide **outdoor** food and beverage service as an amenity at the Bath Club, and (iii) Count V of Appellants' counterclaim, in which Appellants sought to compel the Developer to rent unused cabanas to unit owners at reduced prices.

In the summer of 2013, a three-person arbitration panel conducted a four-day evidentiary hearing on Developer's claims and Appellants' counterclaims, resulting in a detailed twenty-four-page Arbitral Award, rendered in November 2013.

Relevant to this appeal, the Arbitral Award determined that Appellants had prevailed on Counts IV and V of their counterclaim, and that the Developer was therefore required to: (i) provide outdoor dining service "during all Regular Hours"[1] pursuant to the terms of one of the agreements incorporated into the parties' Settlement Agreement, and (ii) make cabanas available to unit owners on a short-term basis at the same rates paid by "Facility Permittees."[2]

The Arbitral Award also held enforceable Rule 2a of the Amended Rules and Regulations promulgated by MXA (requiring the Developer, when conducting special events on the Property, to provide Appellants with proof of insurance).

Pursuant to section 682.15, Florida Statutes, the Arbitral Award was confirmed in a final judgment rendered by the trial court in May 2014.

---

[1] "Regular Hours" is defined by the Settlement Agreement and its incorporated documents as "the hours during which any of the Bath Club Facilities or Additional Facilities shall be available for use by Facility Permittees. . . ."

[2] "Facility Permittees" is defined by the Settlement Agreement and its incorporated documents as "Resort Guests, Association Members [i.e., the owners of the condominium units] and Condominium Guests."

In February 2014, even before the award was confirmed in a final judgment, Appellants filed their Motion to Enforce.

Appellants' motion sought enforcement by the trial court of the Arbitral Award with regard to Count IV (regarding the Developer's alleged failure to provide outdoor dining amenities as required by the Settlement Agreement) and Count V (regarding the Developer's alleged failure to offer cabanas to the unit owners for lease pursuant to the Settlement Agreement) of its counterclaim, and of Rule 2a of MXA's Amended Rules and Regulations. In regard to Count IV, however, Appellants' Motion to Enforce **also** requested that the trial court require the Developer to provide indoor restaurant service to unit owners. In regard to Count V, Appellants' motion specifically requested that the trial court compel the Developer to "make unleased cabanas available to unit owners at the same rental rate as that to be paid by **Club Members** . . . ." (emphasis added). Appellants' Motion to Enforce was supported by a seven-page affidavit of Thomas Ireland, the president of the Appellants.

The Developer responded to Appellants' Motion to Enforce by filing a Motion to Compel Arbitration ("Motion to Compel"). The Developer asserted that Appellants' indoor restaurant demand and cabana pricing demand were "new" claims that were not part of the Arbitral Award.

The trial court conducted a non-evidentiary hearing and ultimately agreed with the Developer; the trial court entered the order on appeal, which concludes that these two claims are "new" claims that are subject to arbitration. Without elaboration, the trial court's order simply denied Appellants' Motion to Enforce. The only evidence before the trial court was Mr. Ireland's affidavit.

## II. ANALYSIS

### A. Standard of Review

The trial court's decision to deny Appellants' Motion to Enforce and refer Appellants' indoor dining request and cabana pricing claims to arbitration was based in part on findings of fact, presenting us with a mixed question of law and fact. New Port Richey Med. Investors, LLC v. Stern ex rel. Petscher, 14 So. 3d 1084, 1086 (Fla. 2d DCA 2009). Our review of the trial court's factual findings is limited to determining whether they are supported by competent substantial evidence. Id. We use a de novo standard to review the trial court's construction of the

Arbitral Award and its application of the law to the facts found. Id.

### B. Indoor Food and Beverage Service Claim

Appellants seek to require the Developer to provide indoor food and beverage services to Appellants. We agree with the trial court that this claim was not resolved by the parties' prior arbitration claim; therefore this claim is a "new

6

claim" subject to the Settlement Agreement's arbitration provision. We therefore affirm that part of the trial court's order compelling the parties to arbitrate this claim.

C. Cabana Pricing Claim

Citing a document incorporated into the Settlement Agreement, the Arbitral Award determined that the Developer was required to make the cabanas "available . . . for short-term use by Facility Permittees and Club Members[3] alike, on a first-come, first-served basis and at the same rates paid by Facility Permittees therefore." (emphasis added).

Appellants' Motion to Enforce alleged that, despite the findings of the Arbitral Award, the Developer has not made unleased cabanas available to Appellants "at the same rental rate as that to be paid by Club Members . . . ."

The trial court denied Appellants' Motion to Enforce this portion of the Arbitral Award and referred Appellants' claim to arbitration. The trial court determined that Appellants' claim constituted a "new and different claim than what was presented to the panel."

We disagree, and conclude that the trial court erred in referring this claim to arbitration. As reflected in the Arbitral Award, this claim was presented to, and determined by, the arbitration panel. Thus, the trial court

---

[3] The term "Club Members" is defined by the Settlement Agreement and its incorporated documents as members of the historic Bath Club.

7

was required to adjudicate this claim in the context of Appellants' Motion to Enforce.

Therefore, we reverse that portion of the trial court's order that referred this claim to arbitration, and remand so that the trial court may enforce the relevant provisions of the Arbitral Award that specifically addressed this issue.

D. Outdoor Food and Beverage Service Claim

The Arbitral Award determined that the Developer was required to provide outdoor food and beverage service consistent with the requirements of an agreement incorporated into the parties' Settlement Agreement. Specifically, the Arbitral Award determined that the Developer was required to provide such outdoor dining service during all "Regular Hours." The Arbitral Award granted the Appellants the remedy of specific performance in this regard.

Appellants' Motion to Enforce alleged that, notwithstanding the requisites of the Arbitral Award, the Developer failed to provide the required outdoor food and beverage service.

The Developer argues that, sometime prior to the entry of the trial court's August 8, 2014 order denying, without elaboration, Appellants' Motion to Enforce, the Developer came into compliance with the requisites of the Arbitral Award regarding outdoor food service. Appellants dispute this.

8

At the time of the June 3, 2014 hearing on Appellants' Motion to Enforce, however, the only evidence before the trial court was Mr. Ireland's unrebutted affidavit in which Mr. Ireland averred that Appellants failed to provide outdoor food and beverage service during "Regular Hours." This evidence, coupled with the Developer's seeming admission in its brief and during oral argument, that the Developer's alleged compliance occurred after the June 3, 2014 hearing, requires us to reverse this portion of the trial court's order. The trial court's order denying Appellants' Motion to Enforce in this regard is not supported by competent substantial evidence.

Therefore, we reverse that portion of the trial court's order that denied, without elaboration, Appellants' claim that the Developer had failed to comply with the Arbitral Award's remedy on Count IV of Appellants' counterclaim, and remand for proceedings consistent herewith.[4]

E. Insurance Claim

In the arbitration proceedings, the Developer challenged the validity and enforceability of Rule 2a of MXA's Amended Rules and Regulations. In relevant part, Rule 2a requires the Developer to provide Appellants with proof of liability insurance when functions occur at the Property. Rule 2a requires limits of no less

---

[4] We express no opinion as to whether, on remand, the Developer may be able to establish compliance with this portion of the Arbitral Award. In adjudicating this issue, however, we urge the trial court to elaborate on the basis for its determination.

9

than $500,000 per individual and $5,000,000 per occurrence, and that MXA be named as an additional insured.

The Arbitral Award expressly determined that Rule 2a was enforceable. Appellants' Motion to Enforce sought the trial court to enter an order compelling the Developer to comply with Rule 2a.

At oral argument, the Developer conceded that, at or before the June 3, 2014 hearing on Appellants' Motion to Enforce, it had not met the obligations of Rule 2a. Again, the only record evidence before the trial court on this issue was Mr. Ireland's affidavit asserting that the Developer had not complied with Rule 2a. Yet, without elaboration, the trial court denied Appellants' Motion to Compel in this regard.

This portion of the trial court's order is not supported by competent substantial evidence, and therefore requires reversal; we remand for proceedings consistent herewith.[5]

## III. CONCLUSION

In sum, we affirm that portion of the trial court's order that compelled arbitration of Appellants' request that the Developer provide indoor food and beverage service.

---

[5] Again, we express no opinion as to whether, on remand, the Developer may be able to establish compliance with this part of the Arbitral Award, but we encourage the trial court to elaborate on the basis of its determination in this regard.

We reverse that portion of the trial court's order that referred Appellants' cabana pricing claim to arbitration, and we direct the trial court to enforce the relevant provisions of the Arbitral Award.

We reverse that portion of the trial court's order that denied Appellants' Motion to Enforce the outdoor food and beverage service claim, and remand for the trial court to adjudicate whether the Developer has complied with the relevant provisions of the Arbitral Award.

Finally, we reverse that portion of the trial court's order that denied Appellants' Motion to Enforce compliance with Rule 2a.

Affirmed in part; reversed and remanded in part.