# Third District Court of Appeal

## State of Florida

Opinion filed June 12, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0961
Lower Tribunal No. 13-36250-CA-01
_____

**King & Spalding LLP,**
Petitioner,

vs.

**The Residences at the Bath Club Condominium Association, Inc., and The Residences at the Bath Club Maintenance Association, Inc.,**
Respondents.

A Writ of Certiorari to the Circuit Court for Miami-Dade County, Thomas J. Rebull, Judge.

King & Spalding LLP, and William L. Durham, II (Atlanta, GA), Val Leppert, David H. Kupfer and Ross E. Linzer, for petitioner.

Gunster, Yoakley & Stewart, P.A., and Timothy J. McGinn, Becky N. Saka and Teresa S. Muñiz, for respondents.

Before FERNANDEZ, MILLER and GOODEN, JJ.

GOODEN, J.

This case concerns an attorney's right to withdrawal and a client's right to sever that relationship. In civil cases, these rights should rarely be denied. Because this is not one of those rare situations, we grant the petition for certiorari and quash the order denying the motion to withdraw.

**I.**

The Residences at the Bath Club Condominium is a luxury condominium complex in Miami Beach. The Respondents—The Residences at the Bath Club Condominium Association, Inc. and The Residences at the Bath Club Maintenance Association, Inc.—represent the unit owners in that complex. The condominium is next to The Bath Club, a historic social club. Bath Club Entertainment, LLC is the successor to the initial developer of the parcel on which the condominium and The Bath Club sit. Bath Club Entertainment owns The Bath Club. Bath Club Entertainment and the Associations each own certain portions of the property.

Since at least 2007, a contentious dispute about the property has existed. The instant litigation was filed in 2013 and has included several appeals to our Court. See Residences at the Bath Club Maint. Ass'n, Inc. v. Bath Club Ent., LLC, 383 So. 3d 75 (Fla. 3d DCA 2023); Bath Club Ent., LLC v. Residences at Bath Club Maint. Ass'n, Inc., 355 So. 3d 999 (Fla. 3d DCA 2023); Residences at Bath Club Condo. Ass'n, Inc. v. Bath Club Ent., LLC,

2

355 So. 3d 990 (Fla. 3d DCA 2023); Residences at Bath Club Maint. Ass'n, Inc. v. Bath Club Ent., LLC, 381 So. 3d 595 (Fla. 3d DCA 2022); Bath Club Ent., LLC v. Residences at the Bath Club Maint. Ass'n, Inc., 348 So. 3d 16 (Fla. 3d DCA 2022); Bath Club Ent., LLC v. Residences at the Bath Club Maint. Ass'n, Inc., 345 So. 3d 1276 (Fla. 3d DCA 2022); Bath Club Ent., LLC v. Residences at the Bath Club Maint. Ass'n, Inc., 270 So. 3d 1242 (Fla. 3d DCA 2019); Residences at Bath Club v. Bath Club Ent., LLC, 166 So. 3d 910 (Fla. 3d DCA 2015). In May 2023, the Associations filed a motion for contempt alleging that Bath Club Entertainment failed to comply with several court orders and obligations.

King & Spalding, LLP first appeared as counsel for Bath Club Entertainment in late August 2024. Once the firm appeared, it sought to continue the hearing on the motion for contempt to conduct more discovery. The hearing was ultimately reset for May 27, 2025, and the trial set to commence on February 9, 2026.

Several weeks before the contempt hearing, King & Spalding moved to withdraw as counsel.[1] Citing Rule Regulating the Florida Bar 4-1.16(b)(3)-(5), it alleged various irreconcilable differences between it and its client,

---

[1] King & Spalding and Bath Club Entertainment were severing their relationship, which included five litigated cases and two arbitrations. This split was not solely about the instant case.

including nonpayment for services rendered. Bath Club Entertainment consented to the withdrawal. But the Associations opposed. It focused on the fact the motion for contempt had been pending for about two years.

After hearing from the parties, the trial court denied King & Spalding's motion to withdraw. Its order, too, focused on the pending motion. King & Spalding timely petitioned this Court for a writ of certiorari to quash the order denying its motion to withdraw as counsel.

## II.

Certiorari is the proper means to review an order denying a motion to withdraw as counsel. See Becker & Poliakoff v. King, 642 So. 2d 821, 822 (Fla. 4th DCA 1994); Preddy, Kutner, Hardy, Rubinoff, Brown & Thompson v. Kleinschmidt, 498 So. 2d 453, 454 (Fla. 3d DCA 1986). To obtain a writ of certiorari, a party must demonstrate a departure from the essential requirements of the law that results in material injury that cannot be corrected on plenary appeal. Reeves v. Fleetwood Homes of Florida, Inc., 889 So. 2d 812, 822 (Fla. 2004).

## III.

"The relationship of attorney and client is one involving great personal and professional integrity and responsibility on the part of the lawyer and an equal confidence and trust on the part of the client." Fisher v. State, 248 So.

4

2d 479, 484 (Fla. 1971). "Such relationship requires absolute confidence in the lawyer by the client and an equal confidence in the client by his lawyer." Id. When this relationship breaks down, both the attorney and the client each have a right to dissolve the relationship. See R. Regulating Fla. Bar 4-1.16; Harvey v. Rowe, 192 So. 878, 880 (Fla. 1940) ("That a client has the right to discharge his attorney at any time, either with or without cause, is clearly established law.").

Forcing the attorney and client to continue in that broken relationship against their wishes is troublesome and creates further conflict. It even implicates constitutional rights. Fisher, 248 So. 2d at 484; Chauvet v. Est. of Chauvet, 599 So. 2d 740, 741 (Fla. 3d DCA 1992). Indeed,

> in a civil case any attorney of record has the right to terminate the attorney-client relationship and to withdraw as an attorney of record upon due notice to his client and approval by the court. Approval by the court should be rarely withheld and then only upon a determination that to grant said request would interfere with the efficient and proper functioning of the court.

Fisher, 248 So. 2d at 486. That rare situation is where the request is made immediately before or during trial. Id. at 484–86. See, e.g., Brooks v. State, 980 So. 2d 1095, 1095–96 (Fla. 4th DCA 2008) ("Here, the court denied further continuance and counsel's motion to withdraw because it was filed on the eve of trial. At this point in time, withdrawal would have hindered the

5

ordinary functioning of the court as the trial date was set and there was not ample time for the client to procure new counsel.").

But where that rare circumstance does not exist, denial of the request to withdraw is a departure of the essential requirements of the law and causes irreparable harm. See Elton v. Dougherty, 931 So. 2d 201, 203 (Fla. 5th DCA 2006) ("Accordingly, we grant the petition and quash the trial court's denial of Elton's motion to withdraw. Failure to allow withdrawal in this case was a departure from the essential requirement of law."); Becker & Poliakoff, 642 So. 2d at 822 ("We conclude that under Fisher the denial of the law firm's motion to withdraw was a departure from the essential requirements of law and we thus grant certiorari.").

With the full consent of its client, King & Spalding moved to withdraw nine months before the trial setting. There was ample time for Bath Club Entertainment to obtain substitute counsel and for the hearing on the motion for contempt to occur. While we understand the trial court's desire to conduct the contempt hearing without delay, this withdrawal would not "interfere with the efficient and proper functioning of the court." Fisher, 248 So. 2d at 486.

This was not one of those rare circumstances. Consent was wrongfully withheld by the trial court. Preddy, Kutner, Hardy, Rubinoff, Brown &

6

<u>Thompson</u>, 498 So. 2d at 454.  As a result, we grant King & Spalding's petition for writ of certiorari and quash the order denying its motion.

Petition granted; order quashed.